552 So.2d 1117 (1989)
Nancy LINDABURY, Appellant,
v.
Richard LINDABURY and Donnie Mae Lindabury, Appellees.
No. 87-2481.
District Court of Appeal of Florida, Third District.
September 19, 1989.
Rehearing Denied December 13, 1989.
Stephen Cahen, P.A., and Susan Guller, Stephen Cahen, and Sally Goldfarb, Washington, D.C., for appellant.
No appearance for appellees.
Mathews, Osborne, McNatt & Cobb and Jack W. Shaw, Jr., Jacksonville, for Florida Defense Lawyers Ass'n, as amicus curiae.
Patricia Ireland, Homestead, Sarah E. Burns, Sally F. Goldfarb and Lynn Hecht Schafran, New York City and Washington, D.C., for amici curiae NOW Legal Defense and Educ. Fund, et al.
Before SCHWARTZ, C.J., and BARKDULL and JORGENSON, JJ.
PER CURIAM.
We affirm the trial court's order granting appellees' motion to dismiss with prejudice appellant's verified amended complaint on the ground that the matters alleged occurred more than twenty years ago and are time-barred as a matter of law by section 95.11, Florida Statutes (1987).
Appellant brought an action in 1985, shortly after she sought psychological counseling in the course of which she purportedly "rediscovered" previously repressed or blocked memories of suffering "sexual batteries" by her father beginning in 1955, when she was four, and continuing through 1965, when she was thirteen. In her amended complaint, appellant sought damages from her father as well as from her mother, who, appellant alleged, knew of the sexual batteries but refused to interfere on her daughter's behalf.
The applicable statute of limitations plainly provides that "[a]n action for assault, battery ... or any other intentional tort" must be commenced within four years of the time the cause of action accrues, that is "when the last element constituting the cause of action occurs." §§ 95.11(3)(o); 95.031(1), Fla. Stat. (1987). It is beyond contradiction that the alleged incestuous acts, if taken as true, damaged the appellant at the time they occurred. The last contemporaneous injury is itself sufficient to complete the cause of action and commence the limitations period. Thus, under any conventional application of the statute of limitations, the appellant's cause of action accrued, and the statutory clock began running, no later than 1965.[1] Even if the *1118 limitations period were to be tolled during appellant's minority, a point which we by no means concede, see Velazquez v. Metropolitan Dade County, 442 So.2d 1036 (Fla. 3d DCA 1983), rev. denied, 449 So.2d 265 (Fla. 1984); but see Drake v. Island Community Church, Inc., 462 So.2d 1142 (Fla. 3d DCA 1984) (Schwartz, C.J., dissenting from denial of rehearing en banc), rev. denied, 472 So.2d 1181 (Fla. 1985), such tolling should cease when the reason for it ceases  upon appellant's attaining majority. Here, appellant filed her complaint at the age of thirty-four, some twenty years after the last act of sexual abuse alleged and thirteen years after reaching the age of majority. The action is clearly time-barred as a matter of law.
Affirmed.
SCHWARTZ, C.J., and BARKDULL, J., concur.
JORGENSON, Judge, dissenting.
I respectfully dissent.
Rather than mechanically apply the statutory limitations period to bar the action as the court does today, I would hold that the delayed discovery rule may apply to actions brought by adult victims of childhood incest upon the factfinder's determination that the claimant, suffering from post traumatic stress syndrome, blocked or repressed conscious memory of the alleged abuse throughout the limitations period. See Senfeld v. Bank of Nova Scotia Trust Co., 450 So.2d 1157, 1162 (Fla. 3d DCA 1984) ("where the plaintiff's ignorance is blameless, the cause of action will not arise until the plaintiff knows or is chargeable with knowledge of an invasion of his legal right").
In my view psychiatry "represents the penultimate grey area," Nesbitt v. Community Health of South Dade, 467 So.2d 711, 717 (Fla. 3d DCA 1985) (Jorgenson, J., concurring in part, dissenting in part), particularly with regard to issues of foreseeability and predictability of future dangerousness. However, it does not necessarily follow that this area of medicine cannot serve the courts and litigants by providing useful testimony with respect to past events. Expert testimony regarding past acts and their consequences can readily be evaluated by a fact finder and considered with other evidence in the case to determine whether the alleged repression in fact occurred and, accordingly, whether the plaintiff ever had an opportunity to bring an earlier action. Repression, moreover, can hardly be deemed a novel concept; it appears in the literature as early as the late 19th century and is integral to any number of psychoanalytic theories.
It is not clear whether the particular theory of repression alleged in this case or the syndrome of which it is a characteristic is a sufficiently developed and recognized phenomenon to allow application of the delayed discovery rule. However, because incest is such an odious crime which causes deep-rooted injuries more subtle and complex than those caused by other tortious acts, plaintiff should have the opportunity to present to the trial court expert testimony on the issue of post traumatic stress syndrome and, if the court finds the expert opinion evidence relevant and therefore admissible, allow the fact finder to determine whether plaintiff could have brought the action earlier but for repression.
The views I express in this dissent regarding admissibility of expert testimony on the question of repression relate only to the application of the delayed discovery rule for limitations purposes in civil actions seeking damages for injuries caused by incest.
There is an increasing trend in Florida courts and in courts of other jurisdictions to extend the range of permissible subjects on which expert testimony may be received as an aid to the trier of fact to include psychological syndromes and other behavioral responses.[1]
Florida courts have deemed admissible expert testimony relating to battered wife syndrome. Borders v. State, 433 So.2d 1325 (Fla. 3d DCA 1983); see also Terry v. State, 467 So.2d 761 (Fla. 4th DCA) (trial *1119 court erred in refusing to allow expert testimony or proffer of evidence relating to battered woman syndrome), rev. denied, 476 So.2d 675 (Fla. 1985); but see Hawthorne v. State, 470 So.2d 770 (Fla. 1st DCA 1985) (no abuse of discretion in trial court's refusal after three-day hearing, to admit battered woman syndrome testimony based on its conclusion that depth of study in field not such that expert could testify with any degree of assurance).
Expert testimony on rape trauma syndrome has been admitted as relevant to the nature of the trauma suffered by the victim and the factors that might help or hinder recovery. Division of Corrections v. Wynn, 438 So.2d 446 (Fla. 1st DCA 1983). See also People v. Reid, 123 Misc.2d 1084, 1086, 475 N.Y.S.2d 741, 742 (N.Y.Crim. Term 1984) (expert testimony regarding rape trauma syndrome should be admissible because "the reaction of the rape victim is unique and different from the reaction to other forms of violent assault. Since the reaction to rape is unique and so complex as to warrant scientific investigation, it follows that an understanding of those reactions is not within the common understanding or experience of persons of ordinary intelligence and experience who may be expected to sit on a jury."). A victim's reaction to childhood incestuous abuse is also unique, complex, and beyond the ken of ordinary laymen, and expert testimony on the subject would aid the trier of fact.
Finally, in a child sexual assault case, the fourth district allowed expert testimony on post traumatic stress syndrome to show that the child victim displayed symptoms consistent with symptoms displayed by sexually abused children. Kruse v. State, 483 So.2d 1383 (Fla. 4th DCA 1986), petition dismissed, 507 So.2d 588 (Fla. 1987). The court specifically noted that the issue in Kruse was not very different from that decided in Terry regarding battered woman syndrome. See also Calloway v. State, 520 So.2d 665 (Fla. 1st DCA), rev. denied, 529 So.2d 693 (Fla. 1988); State v. Reser, 244 Kan. 306, 767 P.2d 1277 (1989) (expert testimony regarding characteristics of sexually abused children held admissible, citing Kruse with approval). In Ward v. State, 519 So.2d 1082, 1084 (Fla. 1st DCA 1988), the court found no abuse of discretion in the trial court's ruling child abuse syndrome to be "sufficiently developed to permit an expert to testify that the symptoms observed in the evaluated child are consistent with those displayed by victims of child abuse," and that the subject "is not so understandable that people know as much about it as a qualified expert with the requisite skill and exposure to numerous studies in the field." Before permitting the jury to hear the testimony, the trial court conducted a hearing at which the clinical psychologist proffered evidence of her work in the field of child sexual abuse and her familiarity with studies on the topic and was subjected to cross-examination. A similar proffer would be equally appropriate here.
The foregoing discussion establishes that admission of expert testimony regarding psychological syndromes like the one plaintiff has alleged is not a novel concept. Although no Florida court has addressed the effect of post traumatic stress syndrome evidence on a limitations period, courts in other jurisdictions have applied the delayed discovery rule to actions which are brought by adult incest victims and which would otherwise be time-barred. In a remarkably similar case of first impression, the plaintiff in Johnson v. Johnson, 701 F. Supp. 1363 (N.D.Ill. 1988), brought a diversity action against her parents when she was thirty-two years old, alleging that she was sexually abused by her father from the age of three until the age of twelve or thirteen and that her mother failed to protect her from the abuse. The plaintiff alleged that she had suppressed all memories of the abuse and was blamelessly ignorant of the causal connection between the incest she endured as a child and her injuries. Not until she initiated psychotherapy did she begin to remember and "understand the nature and scope of her injuries and their causal connection" to the years of abuse. 701 F. Supp. at 1364. In denying the parents' motion for summary judgment on the ground of limitations, the federal district court noted that Illinois follows a case-by-case approach in determining whether the discovery rule should *1120 apply, an approach "which seems to take into account equitable considerations as strongly, if not more strongly, than it takes into account problems of proof." 701 F. Supp. at 1369. The federal district court determined that Illinois courts would apply the discovery rule to an action brought by an adult survivor of incest where the complainant had no conscious memory of the abuse until after the statutory minors tolling provision had expired. By applying the rule, the plaintiff's cause of action accrued and the running of the limitations period commenced when the plaintiff knew or reasonably should have known of her injury and that her injury was caused by the wrongful acts of another. When that point occurs is a genuine issue of material fact which precludes summary judgment on the limitations issue. See also Hammer v. Hammer, 142 Wis.2d 257, 264, 418 N.W.2d 23, 26 (Ct.App. 1987), rev. denied, 144 Wis.2d 953, 428 N.W.2d 552 (1988) (cause of action for incestuous abuse accrues when victim discovers, or in the exercise of reasonable diligence should have discovered, fact and cause of injuries). Contra Tyson v. Tyson, 107 Wash.2d 72, 727 P.2d 226 (1986) (en banc), superseded by statute Wash. Rev. Code ch. 144, S.S.B. No. 6305, amending RCW 4.16.350 and adding a new section to RCW 4.16, RCW (1988); under the revised Washington statute, the plaintiff's cause of action in Tyson would not have been time-barred.
The Florida Evidence Code sets a relevancy standard for evaluating "scientific, technical, or other specialized knowledge. §§ 90.702 and 90.703, Fla. Stat. (1987).[2]
Although the Florida supreme court in 1952 adopted the rigid "general acceptance" standard set forth in Frye v. United States, 293 F. 1013 (D.C. Cir.1923), for admission of scientific evidence, Kaminski v. State, 63 So.2d 339 (Fla. 1952), the supreme court, without expressly receding from Frye, approved the more lenient relevancy approach of the Florida Evidence Code in Glendening v. State, 536 So.2d 212 (Fla. 1988) (no abuse of discretion in the trial court's determination that an opinion was within the province of the expert witness as to whether the minor child had been the victim of sexual battery), cert. denied, ___ U.S. ___, 109 S.Ct. 3219, 106 L.Ed.2d 569 (1989). The district courts of appeal have likewise approved the use of the relevancy approach. See Andrews v. State, 533 So.2d 841, 847 (Fla. 5th DCA 1988), rev. denied, 542 So.2d 1332 (Fla. 1989), Kruse v. State, 483 So.2d 1383 (Fla. 4th DCA 1986), petition dismissed, 507 So.2d 588 (Fla. 1987). In applying the relevancy approach, a trial court charged with determining the reliability of expert testimony may consider the level of acceptance which the opinion offered enjoys in its particular field. Andrews, 533 So.2d at 847. See also C. Ehrhardt, Florida Evidence, § 702.2 (2d ed. 1984). However, that level of acceptance is but one factor used to determine the relevancy of the expert opinion evidence. Andrews, 533 So.2d at 847.
Fundamental fairness requires that the plaintiff be given the opportunity to prove that repression precluded her from bringing suit within the conventional limitations period. The trial court should first determine whether expert testimony on post traumatic stress syndrome is admissible under sections 90.702 and 90.703, as relevant to the issue of delayed discovery. As in Andrews, one factor the court should consider is the level of acceptance the opinion testimony is accorded in its field. However, the trial court should prohibit the expert witness from opining on the credibility or truthfulness of the plaintiff. See *1121 Tingle v. State, 536 So.2d 202 (Fla. 1988) (expert testimony by its nature will tend to bolster or refute credibility of child victim, but ultimate conclusion as to victim's credibility always lies with jury). A psychiatric expert may be uniquely qualified to explain why an incest victim might repress her experiences and have no knowledge of the damage incurred until a later triggering event. Such testimony, if admitted by the court, would merely permit the plaintiff to overcome the limitations bar and carry forward her cause of action and would not be admissible to prove the truth of the allegations of incest.
I would, therefore, reverse and remand with directions for the trial court to conduct a full evidentiary hearing on post traumatic stress syndrome in adult victims of childhood incest and to apply the relevancy standard to evaluate a proffer of expert testimony on the subject. The trial court would then grant or deny the motion to dismiss the action as untimely filed based upon its evaluation of the evidence. If the court found that evidence of post traumatic stress syndrome in incest victims is relevant, and thus admissible, then plaintiff would be able to proceed with her action. At the close of the trial, the jury would be charged with determining as a threshold issue when plaintiff knew or should have known of her injuries.
NOTES
[1] We thank both amici for conducting extensive research and assisting this court in reaching a decision.
[1] I too thank both amici for their assistance.
[2] Testimony by experts.  If scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about it in the form of an opinion; however, the opinion is admissible only if it can be applied to evidence at trial.
90.703 Opinion on ultimate issue.  Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it includes an ultimate issue to be decided by the trier of fact.
Section 90.403, Florida Statutes (1987), operates as a limitation and provides in pertinent part: "Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence."