641 So.2d 66 (1994)
Calvin WILEY, Petitioner,
v.
Carrie Linn Young ROOF, Respondent.
No. 82412.
Supreme Court of Florida.
June 23, 1994.
Rehearing Denied August 25, 1994.
Martin Errol Rice of Martin Errol Rice, P.A., St. Petersburg, and Joryn Jenkins, Tampa, for petitioner.
Barry A. Cohen and Christopher P. Jayson of Barry A. Cohen, P.A., Tampa, for respondent.
Peggy Fisher of Geller, Geller, Burton & Garfinkel, Dania, and Sally Richardson of Shutts and Bowen, and Barbara W. Green, Miami, amici curiae for Academy of Florida Trial Lawyers, Florida Ass'n for Women Lawyers and NOW Legal Defense and Education Fund.
James E. Tribble of Blackwell & Walker, P.A., Miami, amicus curiae for Blackwell & Walker, P.A.
McDONALD, Senior Justice.
We review Roof v. Wiley, 622 So.2d 1018 (Fla. 2d DCA 1993), in which the district court held that chapter 92-102, section 2, Laws of Florida, revived a previously barred right to commence an action for damages based on intentional abuse or incest. We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution. We quash the district court's decision.
Carrie Linn Young Roof filed her initial complaint on April 18, 1991, and an amended complaint on October 9, 1991, against Calvin Wiley (her grandfather), Wilma Wiley (her grandmother), C.W. Young (her uncle), Thomas Edward Young (her father) and Toni Young (her stepmother). In the first count, Roof alleged that her grandfather had sexually *67 abused her on or about March 15, 1973, when she was fifteen years old. In the second count, Roof alleged that her grandmother, uncle, and father had knowledge of the abuse and failed to report it, prevented her from reporting it to the lawful authorities, and refused to assist her in obtaining medical care. In the third count, Roof alleged that her father was negligent in his failure to protect her, and in the fourth count, she alleged that all of the named defendants conspired to prevent her from reporting the alleged abuse.
The trial court dismissed the amended complaint because the statute of limitations barred Roof's cause of action pursuant to sections 95.011 and 95.11(3)(o), Florida Statutes (1991).[1] While the case was pending before the Second District Court of Appeal, the Florida Legislature, in chapter 92-102, Laws of Florida, amended section 95.11 to read:
Actions other than for recovery of real property shall be commenced as follows:
... .
(3) WITHIN FOUR YEARS. 
... .
(o) An action for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or any other intentional tort, except as provided in subsections (4), (5), and (7).
... .
(7) FOR INTENTIONAL TORTS BASED ON ABUSE.  An action founded on alleged abuse, as defined in s. 39.01 or s. 415.102, or incest, as defined in s. 826.04, may be commenced at any time within 7 years after the age of majority, or within 4 years after the injured person leaves the dependency of the abuser, or within 4 years from the time of discovery by the injured party of both the injury and the causal relationship between the injury and the abuse, whichever occurs later.
§ 95.11, Fla. Stat. (1993). Section 2 of chapter 92-102 provides:
Notwithstanding any other provision of law, a plaintiff whose abuse or incest claim is barred under section 1 of this act has 4 years from the effective date of this act to commence an action for damages.
As pointed out by the amici curiae briefs submitted in this case, the torts of incest and abuse involve a myriad of social, psychological, and legal variables that often prevent a person, particularly a minor, from immediately reporting these types of offenses. The legislature may appropriately determine and modify the period of time for filing actions in abuse and incest cases. This does not mean, however, that it may revive a cause of action that has already been barred by the expiration of the pre-existing statute of limitations.
Roof argues that the revival of a previously time-barred cause of action does not violate Wiley's constitutional rights. Roof relies on Campbell v. Holt, 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885), in which the Court considered whether the expiration of the statute of limitations created a constitutionally protected right to have a creditor's claim barred. The Court noted that in an action to recover real or personal property, removal of the bar of the statute of limitations deprives a person of his property without due process of law because the legal title and real ownership of the property have already been transferred. Id. at 628, 6 S.Ct. at 213. In a divided opinion, Campbell further opined, *68 however, that in actions involving a violation of an implied contract to pay money, the debtor does not have a vested right to be released from the debt upon the expiration of the statute of limitations. Id. "No man promises to pay money with any view to being released from that obligation by lapse of time. It violates no right of his, therefore, when the legislature says time shall be no bar, though such was the law when the contract was made." Id. at 628, 6 S.Ct. at 213.
In Chase Securities Corporation v. Donaldson, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945), the Court revisited the principles set forth in Campbell. Chase Securities adopted the view in Campbell that "statutes of limitation go to matters of remedy, not to destruction of fundamental rights." Id. at 314, 65 S.Ct. at 1142. Chase held that, even after the statute of limitations has barred the action, the Fourteenth Amendment is not violated when the legislature repeals or extends a statute of limitations, restores the plaintiff with a remedy, and divests the defendant from the benefits of the statutory bar. Chase also noted that the states may interpret their constitutions differently. Regardless of whether the statute of limitations pertains to a right or a remedy, retroactively applying a new statute of limitations robs both plaintiffs and defendants of the reliability and predictability of the law.
The immunity from suit which arises by operation of the statute of limitations is as valuable a right as the right to bring the suit itself... . Statutes of limitation are not only calculated for the repose and peace of society, but to provide against the evils that arise from loss of evidence and the failing memory of witnesses... .
Remedies are the life of rights, and are equally protected by the Constitution. Deprivation of a remedy is equivalent to a deprivation of the right which it is intended to vindicate, unless another remedy exists or is substituted for that which is taken away.
Campbell, 115 U.S. at 631, 6 S.Ct. at 215 (Bradley, J., dissenting). The law does not prioritize rights over remedies. Once the defense of the statute of limitations has accrued, it is protected as a property interest just as the plaintiff's right to commence an action is a valid and protected property interest. See Starnes v. Cayouette, 244 Va. 202, 419 S.E.2d 669 (1992) (statute authorizing tort action for sexual abuse occurring during infancy of plaintiff violated the due process right defendant had acquired in limitations defense).
The district court cited Walter Denson & Son v. Nelson, 88 So.2d 120 (Fla. 1956), for the proposition that the legislature has the power to revive a claim previously barred by a statute of limitations if the language of the statute clearly expresses such an intent. However, Walter Denson includes a caveat not mentioned in the district court opinion: "The Legislature has the power to increase a prescribed period of limitation and to make it applicable to existing causes of action provided the change in the law is effective before the cause of action is extinguished by the force of a pre-existing statute." Id. at 122 (emphasis supplied).[2] In Corbett v. General Engineering and Machinery Co., 160 Fla. 879, 37 So.2d 161 (1948), a worker's compensation case, we also determined that "a person has no vested right in the running of a statute of limitations unless it has completely run and barred the action. Before the action is barred by the statute, the Legislature has absolute power to amend the statute and alter the period of limitations prescribed therein... ." Id., 37 So.2d at 162 (quoting Davis & McMillan v. Industrial Accident Commission, 198 Cal. 631, 246 P. 1046, 1047 (1926)). Florida's statute of limitations, section 95.011, bars all action unless commenced within designated times. Once barred, the legislature cannot subsequently declare that "we change our mind on this type of claim" and then resurrect it. Once an action is barred, a property right to be free from a claim has accrued. Wiley's property interest *69 to be free from a claim of damages accrued long before Roof's lawsuit was filed.
We find that chapter 92-102, section 2, deprives Wiley of a constitutionally protected property interest and is violative of article I, section 9 of the Florida Constitution. Therefore, we hold that provision invalid as to a previously barred action and quash the decision below.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN and HARDING, JJ., concur.
NOTES
[1] Roof's complaint was filed more than eighteen years after the last instance of alleged abuse. Section 95.011, Florida Statutes (1991), provides:

A civil action or proceeding, called "action" in this chapter, including one brought by the state, a public officer, a political subdivision of the state, a municipality, a public corporation or body corporate, or any agency or officer of any of them, or any other governmental authority, shall be barred unless begun within the time prescribed in this chapter or, if a different time is prescribed elsewhere in these statutes, within the time prescribed elsewhere.
Subsection 95.11(3)(o), Florida Statutes (1991), provides:
Actions other than for recovery of real property shall be commenced as follows:
... .
(3) WITHIN FOUR YEARS. 
... .
(o) An action for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or any other intentional tort, except as provided in subsections (4) and (5).
[2] As we mentioned in Firestone Tire & Rubber Company v. Acosta, 612 So.2d 1361 (Fla. 1992), the statute of repose and the statute of limitations are analogous. Firestone held that the repeal of the statute of repose did not reestablish a cause of action that had been previously extinguished. We find Firestone instructive in our resolution of the instant case.