643 So.2d 1077 (1994)
David MASON, Petitioner,
v.
Arturo SALINAS, Jr., Respondent.
No. 82968.
Supreme Court of Florida.
October 20, 1994.
Melissa A. Gay and Michael R.N. McDonnell of the McDonnell Law Offices, Naples, for petitioner.
J. Arby Van Slyke of J. Arby Van Slyke, P.A., Pensacola, for respondent.
HARDING, Justice.
We review Salinas v. Mason, 627 So.2d 525 (Fla. 2d DCA 1993), based on conflict with our recent decision in Wiley v. Roof, 641 So.2d 66 (Fla. 1994). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Arturo Salinas, Jr. filed suit against David Mason in August 1992 alleging that Mason sexually abused him while he was a middle school student between 1974 and 1976. At the time of the alleged abuse, Florida's statutes did not provide a specific limitations period for this cause of action. Section 95.11(3)(o) and (p), Florida Statutes (Supp. 1974), however, provided a four-year limitations period for battery, intentional torts, or for "any action not specifically provided for in these statutes."
Mason moved to dismiss the complaint because the four-year limitations period had long expired, and the trial court granted the motion with prejudice. Salinas appealed to the Second District Court of Appeal, which held that the legislature's 1992 amendment to section 95.11 "revived for a four-year period *1078 previously time-barred causes of action based on intentional abuse or incest" and that Salinas brought his complaint within the four-year window. Salinas, 627 So.2d at 525.
Our decision in Wiley controls this case. In Wiley we held that Florida's statute of limitations, section 95.11, bars all actions unless they are commenced within the times designated by the statute. 641 So.2d at 67. Once an action is barred, a property right to be free from a claim has accrued, and the legislature cannot subsequently resurrect it. Id.
Because Salinas did not commence his suit within the time designated by the statute, we quash the decision below and remand with directions that his complaint be dismissed.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.