672 So.2d 858 (1996)
Jocelyn BOYCE, Appellant,
v.
David G. CLUETT and Jean D. Cluett, his wife, Appellees.
No. 95-1509.
District Court of Appeal of Florida, Fourth District.
April 3, 1996.
Rehearing Denied May 13, 1996.
*859 Norm La Coe, Gainesville, for appellant.
Elaine Johnson James and Philip C. Gildan of Nason, Gildan, Yeager, Gerson & White, P.A., West Palm Beach, for appellees.
MARK SPEISER, Associate Judge.
Appellant, Jocelyn Boyce, plaintiff below (Appellant), at the time of the initial complaint was the thirty-three year old natural daughter of Jean Cluett and step-daughter of David Cluett. Her initial complaint filed on July 11, 1994, alleged sexual abuse by her stepfather with the implied consent of her mother Jean between 1968 and 1971 while Appellant was between the ages of twelve and sixteen.
A first amended complaint was filed on October 31, 1994, which was dismissed by the trial court on the grounds that the statute of limitations section 95.11(3)(o), Florida Statutes (1975), barred Appellant's claim. Thereafter on January 26, 1995, Boyce filed a second amended complaint adding an additional count denominated as the tort of "continuing corruption of a child." Appellant now appeals the lower court's dismissal with prejudice of the second amended complaint again based upon the limitations bar of section 95.11(3)(o).
The threshold issue for resolution is which statute of limitation controls, that is, Florida Statute section 95.11(7), enacted in 1992 (chapter 92-102, Laws of Florida) as asserted by Boyce, or section 95.11(3)(o), which the Cluetts argue was in effect as of January 1, 1975 (see section 95.022), and at the time the alleged abuse occurred.
Section 95.11(3)(o) provides in relevant part that a cause of action for an assault or any other intentional tort except as provided in subsection (7) of section 95.11 must be commenced within four years from the time the cause of action accrues. Section 95.031(1) provides that a cause of action accrues "when the last element constituting the cause of action occurs." Thus, as the Cluetts contend, because the last act of sexual abuse occurred in 1971, Boyce would have had to file her complaint in 1975 when she was nineteen years of age.
Section 95.11(7), on the other hand, provides that intentional torts based on abuse may be commenced:
... at any time within 7 years after the age of majority, or within 4 years after the injured person leaves the dependency of the abuser, or within 4 years from the time of discovery by the injured party of both the injury and the causal relationship between the injury and the abuse, whichever occurs later.
Appellant claimed before the lower court she was still financially dependent upon the Cluetts as of the filing of the complaint, and therefore, her cause of action would not be time barred. Alternatively, Appellant argues that because she did not learn until 1990 through psychological counseling that she was abused, then pursuant to section 95.11(7) she could bring this action in 1994.
The trial court's dismissal was premised on Lindabury v. Lindabury, 552 So.2d 1117 *860 (Fla. 3d DCA 1989), a case that factually was strikingly similar to the instant case. The plaintiff sued her parents for sexual abuse that occurred between the years of 1955, when she was four, through 1965 when she was thirteen. Id. In 1985, approximately twenty years after the last alleged abuse occurred, she filed her complaint after psychological counseling uncovered her purportedly repressed memories of these incidences. Id. at 1118. The third district unequivocally declared that section 95.11(3)(o) barred her complaint. Id.
Lindabury underscores a legitimate underlying concern, that is, a judicial condoning of such delayed filing of lawsuits that would erode the protection that statutes of limitations were intended to repose. Section 95.11(7), however, was not enacted as of the date of that decision and, therefore, unaddressed by that decision.
In Wiley v. Roof, 641 So.2d 66 (Fla.1994), our highest court specifically addressed the issue of what effect section 95.11(7), enacted in 1992, might have in reviving a cause of action previously barred under section 95.11(3)(o). In a unanimous opinion, directly on point, the Florida Supreme Court stated:
The law does not prioritize rights over remedies. Once the defense of the statute of limitations has accrued, it is protected as a property interest just as the plaintiff's right to commence an action is a valid and protected property interest.
641 So.2d at 68.
Because Appellant's cause of action was barred in 1975, the Cluetts possessed a legally protected expectation to be free from any claim that may have accrued but became barred due to Appellant's failure to initiate a lawsuit within the four year period allowed by section 95.11(3)(o). In sum, although the legislature possesses the power to extend the limitation period for an existing cause of action, it lacks the authority to breathe life into a claim that is lifeless as a result of a pre-existing statute. Wiley v. Roof, 641 So.2d 66 (Fla.1994), citing, Walter Denson & Son v. Nelson, 88 So.2d 120 (Fla.1956).
In rather novel arguments, Appellant's counsel advances two additional theories that would allow Appellant's claim to survive and circumvent the decision of Wiley v. Roof. Appellant would have this court legally countenance a new cause of action set forth in its second amended complaint, namely, the continuing tort of corruption of a child. Pursuant to this argument, the Cluetts' corruption of Appellant extended beyond the physical sexual abuse that ended in 1971 and included their financial, emotional and psychological domination of Appellant that continued until some unspecified date in 1990.
Although the continuing torts doctrine is recognized in Florida, Halkey-Roberts Corp. v. Mackal, 641 So.2d 445, 447 (Fla. 2d DCA 1994), no Florida, nor any other state court decision has acknowledged that "corruption of a child" is a viable cause of action. This court is not empowered to legislate.
Appellant further contends that in view of the continuing control the Cluetts exercised over her in the past, they should be estopped from asserting the defense of statute of limitations. This argument is equally lacking in statutory or decisional precedent. None of the cases cited by Appellant support her position; in fact, these cases reject the direction Appellant suggests this court take. See Burpee v. Burpee, 152 Misc.2d 466, 578 N.Y.S.2d 359 (N.Y.Supp.1991); Schmidt v. Bishop, 779 F.Supp. 321 (S.D.N.Y.1991); Baily v. Lewis, 763 F.Supp. 802 (E.D.Pa. 1991); Hewczuk v. Sambor, 803 F.Supp. 1063 (E.D.Pa.1992).
The trial court entered a postjudgment order pursuant to section 57.105, Florida Statutes (1993), awarding attorney's fees to the Cluetts, but reserving jurisdiction to determine the amount of the award. In a recent opinion construing Florida Rule of Appellate Procedure 9.130, this court held that an order determining an entitlement to attorney's fees without fixing the amount is not an appealable non-final order contemplated by that rule. Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994). Because the instant attorney's fee order is identical to that precluded by Winkelman, it is not ripe for appellate review.
*861 We note, however, in remanding this order pertaining to attorney's fees that due consideration be given to the following holding of Huie v. Dent & Cook, 635 So.2d 111, 112-13 (Fla. 2d DCA 1994):
In light of Florida's strong policies favoring access to the courts, we have interpreted section 57.105 to provide a remedy only in cases in which the plaintiff's complaint is completely untenable. See Barber v. Oakhills Estates Partnership, 583 So.2d 1114 (Fla. 2d DCA 1991). Even if a portion of a lawsuit is frivolous, an award of attorneys' fees is not appropriate against a plaintiff so long as the complaint alleges some justiciable issue. Muckenfuss v. Deltona Corp., 508 So.2d 340 (Fla.1987).
Accordingly, we affirm the order of the trial court dismissing Appellant's second amended complaint and we remand the order determining the Cluetts entitlement to attorney's fees.
WARNER and SHAHOOD, JJ., concur.