683 So.2d 614 (1996)
John DOE, Appellant,
v.
Norbert DORSEY, as Bishop of the Diocese of Orlando, etc., et al., Appellees.
No. 95-2601.
District Court of Appeal of Florida, Fifth District.
November 22, 1996.
*615 Sheldon D. Stevens of Stevens & Menyhart, P.A., Merritt Island, and Sharon Lee Stedman, of Sharon Lee Stedman, P.A., Orlando, for Appellant.
Philip M. Burlington, of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for Academy of Florida Trial Lawyers, Amicus Curiae for Appellant.
Robert J. Pleus, Jr. and Kevin W. Shaughnessy of Akerman, Senterfitt & Eidson, P.A., Orlando, for Appellees.
Robert S. Glazier, Miami, for First Baptist Church of Hialeah and Temple Shir Ami, Amicus Curiae, for Appellees.
HARRIS, Judge.
The issue in this case is whether the statute of limitations and/or the First Amendment provision requiring separation of church and state bars this action against the church and its bishop based on the alleged negligent "hiring" or retention of a priest who commits sexual misconduct. We affirm.
For the purpose of this appeal, it is admitted that the parish priest committed improper acts with an altar boy starting when the boy was thirteen and continuing long after he reached majority. As a matter of fact, this "relationship" continued for over seven years after the young man reached majority. At some point, for some reason, the young man finally realized that the priest had indeed committed horrible wrongs against him and that the church, either directly or through the appropriate bishop, might be civilly responsible for these wrongs.
Therefore, plaintiff sued the priest (who is not a party to this appeal) alleging the intentional tort of sexual abuse of a minor; he also sued the church and the bishop alleging the tort of negligence based on the improper hiring or retention of one they knew or *616 should have known was unsuitable to have contact with children. Even though the trial court held that the allegations of acts relating to a minor were time barred, it nevertheless sustained the allegations of sexual battery after plaintiff became an adult as against a claim of the statute of limitations but held that an action on even these allegations was barred by the provisions of the First Amendment. That issue will be discussed later.
There are two possible hurdles in the path of this action. First, plaintiff waited until he was twenty-seven years old to bring the action founded upon the abuse inflicted on him when he was a minor. The trial court, based on the statute of limitations, dismissed these allegations. Second, since the action against the church and the bishop is based on allegations of negligence of the church, appellees strongly urge that the First Amendment of the United States Constitution prevents the court from intruding into the church's selection, training, supervision, and assignment of priests.[1] We agree with the trial court that plaintiff's action resulting from injuries caused by abuse inflicted on him while he was a minor and based on the negligent retention policies of the church is barred by the statute of limitations. Section 95.11(3)(a), Florida Statutes, limits an action for negligence to four years. This period is tolled until a minor plaintiff reaches majority. Section 95.051(1)(h). Although plaintiff urges that section 95.11(7) is the appropriate statute of limitations to apply in this case, we find that such section applies only to causes of action for "intentional torts based on abuse." Even though the priest's abusive conduct prompted this action against the church and the bishop, the alleged cause of action against them is a negligence action based on the alleged improper selection or retention policies and practices of the church in relation to its priests, not any active abuse by the appellees. We, therefore, find that section 95.11(3)(a), and not 95.11(7), is the applicable statute of limitations in this case, and that it started running when plaintiff turned eighteen.
Even if section 95.11(3)(a) is the applicable statute, urges appellant, since the improper conduct of the priest continued until plaintiff was twenty-six, the statute should not start running until that time. The problem with this argument is that appellant ceased being a minor subject to child abuse when he became "of age". Would the State be able to prosecute a Lothario who seduced a maiden below the age of consent but was able to continue the relationship with the young woman after she became an adult solely for the acts which occurred after she became an adult on the basis that her consent was obtained only because she remained "under his spell?" We think not. Further, we do not believe that the fact that religion is implicated in "the spell," has any significance at law.
Appellant also urges that the statute does not begin to run until the young man is aware of his injuries, and since this young man did not become aware of his injuries and their probable connection to the improper acts of the priest until 1992, the statute did not start running until that time. We simply cannot accept this argument. This young man knew the identity of the tortfeasor (the priest) and the improper conduct engaged in by the tortfeasor (child abuse) long before he reached the age of majority. This was sufficient knowledge to file an action against the priest for the wrongful sexual battery committed against him and, again assuming such cause of action is available, against the church and bishop for making such conduct possible because of the negligent retention of the priest.
The court was involved in a similar action, albeit involving a young girl instead of a young boy, in Pritzlaff v. Archdiocese of Milwaukee, 194 Wis.2d 302, 533 N.W.2d 780, 785 (1995), and held that plaintiff's action was barred by the statute of limitations:
It is well settled that a cause of action accrues when there exists a claim capable of enforcement, a suitable party against *617 whom it may be entered, and a party with a present right to enforce it. (Citations omitted). A party has a present right to enforce a claim when the plaintiff has suffered actual damage, defined as harm that has already occurred or is reasonably certain to occur in the future. (Citation omitted).
In the case at bar, the negligent retention of a priest who would commit child abuse, at least insofar as this young man is concerned, must have occurred while he was still a child. Therefore, when Plaintiff turned eighteen, he was aware that a priest had sexually abused him and that the church had permitted the priest to serve in the parish which made the abuse possible. Sexual abuse of a child in and of itself causes sufficient actual damages, as a matter of law, to support both the intentional tort action against the priest and the negligence action, if one exists, against the church and the bishop. See Harris v. B & M Groceries, 1983 WL 5611 (Ohio App. 1983): "In awards based on assault and battery, damages are `presumed' or the wrong is said to be damages in and of itself." See also, Walje v. the City of Winchester, Kentucky, 773 F.2d 729, 731 (6th Cir.1985): "We joined two other circuits in finding such an unreasonable seizure to be closely analogous to the common law tort of assault and battery, for which general damages were presumed from the violation of the victim's right to bodily integrity."
The fact that Plaintiff in this case was not immediately aware of all of his resulting emotional problems might create uncertainty as to the amount of his damages but it does not toll the period of limitations. To hold that such tolling occurred would be the same as saying that one injured in an automobile accident who has a broken leg but elects not to sue within the statute of limitations may nevertheless later bring an action when, because of the injury, the leg has to be amputated. See Cristiani v. City of Sarasota, 65 So.2d 878, 879 (Fla.1953): "The general rule seems to be that actions for personal injury based on the wrongful or negligent act of another accrue at the time of the injury and that the statute of limitations begins to run at the same time. The running of the statute is not postponed even though the injury may not materialize or be discovered till later." See also Seaboard Air Line Railroad Company v. Ford, 92 So.2d 160, 164 (Fla.1955): "Generally, in actions for personal injuries resulting from the wrongful act or negligence of another, the cause of action accrues and the statute begins to run from the time when the injury was first inflicted, and not from the time when the full extent of the damages sustained has been ascertained." While there are exceptions to this general rulefor example, occupational diseasesthese exceptions do not apply when an injury is apparent or presumed.
Although the Academy of Florida Trial Lawyers makes a convincing case that the First Amendment does not protect the church when the acts of the clergy involve children and are criminal in nature, because we hold that the action against the church and the bishop in this case for the negligent retention of the priest, insofar as the abuse of plaintiff which occurred while he was a minor is concerned, is time-barred, the issue of whether the First Amendment protects the church when its clergy commits criminal acts is not before us. In any event, we are persuaded that just as the State may prevent a church from offering human sacrifices, it may protect its children against injuries caused by pedophiles by authorizing civil damages against a church that knowingly (including should know) creates a situation in which such injuries are likely to occur. We recognize that the State's interest must be compelling indeed in order to interfere in the church's selection, training and assignment of its clerics. We would draw the line at criminal conduct.
But because of the application of the statute of limitations in this case and because of the facts alleged, we are not here faced with criminal conduct. The surviving allegations do not involve pedophilia nor illegal adult sexual behavior.
Insofar as the adult acts are concerned, we conclude that the sexual acts between the adult participants herein were not criminal. Plaintiff does not contend that he did not consent to the continued relationship. It is his position that his consent should be *618 considered invalid because the priest "deliberately and calculatingly caused a relationship whereby [he] was able to exert undue influence, dominion and control over the Plaintiff." We do not believe that a sexual battery has been committed when a person of normal intelligence submits to a sexual relationship due to the "emotional attachment" to another person.
Although consent is not absolute, section 794.011 makes it clear that the legislature intended that if it is present, consent will bar criminal prosecution. In that regard, the legislature determined that consent is invalid if it is coerced. But the legislature tells us what it means by coercion: threat of force or violence or threat of retaliation against the victim or others. This type coercion is not alleged in this case. Consent is invalid if the victim is under the influence of any "narcotic, anesthetic, or other intoxicating substance" but only if such intoxicating substance is administered without the knowledge or consent of the victim. This is not alleged in this case. Consent is invalid if the victim is "mentally defective" or "mentally incapacitated." But mental defectiveness requires that the victim be suffering from some mental disease or defect. And mental incapacitation, as indicated above, means involuntarily being under the influence of some intoxicating substance or that the mental incapacitation is due to some "other act committed upon that person without his or her consent." We do not believe that the allegations of this complaint meet that standard.
AFFIRMED.
DAUKSCH, J., concurs.
GRIFFIN, J., concurs specially in result only.
NOTES
[1] On this issue, the First Baptist Church of Hialeah and the Temple Shir Ami appeared as amicus on behalf of appellees; the Academy of Florida Trial Lawyers appeared as amicus on behalf of appellant.