FLETCHER, Judge.
In 1997, Dyan Sylk filed suit against her stepfather, Alvin Rosenberg, alleging he sexually molested her over a 35-year period, starting in Pennsylvania when Sylk was 11 years old. Rosenberg denied all of Sylk’s allegations, alleged that Sylk’s claims were time-barred under both Pennsylvania and Florida law, and asserted that Sylk consented to the sexual contacts made during her adulthood.[1] The trial court entered final summary judgment in Rosenberg’s favor (principally on the basis that Sylk’s claims are time-barred). We affirm in part and reverse in part.
Sylk testified by deposition that she first realized in 1963 or 1964 that the sexual contact occurring between herself and her stepfather was wrong. At the time of this realization she was 14 or 15 and both she and Rosenberg were living in Pennsylvania. According to her deposition this period of molestation continued until Sylk moved out of the house, and Rosenberg moved to Florida. Sylk subsequently also moved to Florida where Rosenberg once again engaged in sporadic sexual contact with Sylk. On appeal Sylk argues that, contrary to the trial court’s decision, the “continuing tort” doctrine in Florida operates to preserve all of her claims dating back to the 1960s.
We reject Sylk’s argument as to\ the “continuing tort” doctrine as the rec-l ord clearly shows that the alleged abuse! was not continuous at all, having ceased when Rosenberg moved and having resumed only when Sylk as an adult moved to Florida. Even if we were to agree with Sylk’s theory of continuing torts, the facts here would not call for its application.
We also conclude that Sylk’s action does not fit into the structure of Section 95.11(7), Florida Statutes (1997), which reads:
“An action founded on alleged abuse ... may be commenced at any time within 7 years after the age of majority, or within 4 years after the injured person leaves the dependency of the abuser, or within 4 years from the time of discovery by the injured party of both the injury and the causal relationship between the injury and the abuse, whichever occurs later.”
Sylk did not file suit within seven years after reaching the age of majority, and did not file suit within four years of becoming independent of Rosenberg in 1971. The suit was filed more than four years from the time (1963 or 1964) Sylk discovered her injury and the causal relationship between her injury and the abuse. Sylk, therefore, cannot rely on Section 95.11(7), Florida Statutes (1997) to provide her with a timely cause of action.[2]
*838 There remain, however, disputes over Sylk’s allegation of a final sexual contact with Rosenberg, when Sylk was age 46 and Rosenberg was age 85, including whether that contact was consensual and uncoerced.[3] Section 95.11(3)(o), Florida Statutes (1997) provides a four-year statute of limitation for actions for “assault, battery ... or any other intentional tort....” The limitation period begins to run from the time the cause of action accrues, i.e., “where there is a claim capable of enforcement, a suitable party against whom it may be entered, and a party with a present right to enforce it.” Doe v. Dorsey, 683 So.2d 614, 617 (Fla. 5th DCA 1996). If the final incident occurred within the four-year limitation period immediately preceding Sylk’s filing suit against Rosenberg, it would not be time barred. Her recovery, if any, would be limited to those injuries which occurred during the four years prior to the filing of her suit.
For the foregoing reasons, we affirm the summary judgment insofar as it applies to events that took place more than four years preceding the filing of Sylk’s suit against Rosenberg. We reverse that portion of the summary judgment which applies to the four year period immediately preceding Sylk’s filing of the lawsuit, and remand for proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded.

. Sylk denies that the sexual contacts were consensual.

. The cause of action has also run in Pennsylvania for that phase of the molestation that occurred while Sylk was still a minor. See 42 Pa.C.S. §§ 5524, 5533 (1984), which provides *838 that an action for assault, battery, or intentional tortious conduct must be commenced within two years; the period of minority is not deemed part of the time within which action must be commenced, but the action must be commenced within two years of attaining majority. Hence, when Sylk attained her majority she had two years within which to commence an action in Pennsylvania. She did not, and is barred from retroactively asserting such a claim otherwise barred by the statute in effect at the time of the injury.
Florida’s “borrowing statute,” section 95.10, Florida Statutes (1997), provides that "When the cause of action arose in another state ... and its laws forbid the maintenance of action because of the lapse of time, no action shall be maintained in this state.” See Bates v. Cook, Inc., 509 So.2d 1112 (Fla.1987).

. Dyan Sylk's deposition at pages 35-40. For example:
"Q: He was able to force himself on you at 85 years old and insert his tongue into your mouth?
A: When he would do it I would push him away and tell him, ‘Please don't do that, you're my father and a father doesn’t do those kind [sic] of things,” and I would push him away.
Q: This occurred three years ago. Correct.'
A: Yes.”
R. Supp. A1 at 35.