772 So.2d 13 (2000)
Benita TOBIN, Appellant,
v.
Vincent E. DAMIAN, Jr., Herbert A. Tobin, Mark Tobin and Jason Tobin, as Co-Personal Representatives of the Estate of Ben Tobin and Co-Trustees of The Ben Tobin Revocable Trust and The Ben Tobin Foundation, Appellees.
No. 4D98-3229.
District Court of Appeal of Florida, Fourth District.
August 2, 2000.
*14 Ronald P. Weil and Daniel F. Blonsky of Aragon, Burlington, Weil & Crockett, P.A., Miami, for appellant.
John R. Hargrove and W. Kent Brown of Heinrich Gordon Hargrove Weihe & James, P.A., Fort Lauderdale, for appellees.
Julie E. Andrews and Mark R. Brown, University of Illinois, College of Law, Champaign, IL, for amicus curiae American Civil Liberties Union Foundation of Florida, Inc.
DELL, J.
Benita Tobin appeals from a partial summary judgment and a final summary judgment on her claims for damages arising out of alleged sexual abuse, incest, and intentional infliction of emotional distress. We affirm.
On June 8, 1996, appellant's father died. On December 4, 1996, at the age of thirty-six, appellant filed suit against her father's estate. In her complaint, she alleged that from the age of five to thirty-one (1965 to September 1991) her father sexually assaulted and battered her without her consent. Appellant claimed that her father molested her once or twice a year, except for the one year she lived with him as a teenager, during which she claimed that her father regularly abused her. Appellant further claimed that after her marriage in 1981, her father continued his abuse when she traveled from her home in California to visit him in New York and South Florida and when he visited her in California. She also alleged that he abused her when she vacationed with him on two occasions.
Appellees filed a motion for partial summary judgment in which they argued that appellant's claims for sexual abuse and incest that occurred prior to April 9, 1988, were barred by the four year statute of limitations under section 95.11(3)(o), Florida Statutes (1991), and that neither section 95.11(7), Florida Statutes (Supp.1996), nor the continuing tort doctrine revived those expired claims or extended the statute of limitations. The trial court granted appellee's motion for partial summary judgment, concluding that appellant's claims for abuse and incest were time-barred under section 95.11(3)(o), Florida Statutes. However, the trial court permitted appellant to "proceed solely on the basis of [her] allegations post-dating April 8, 1988."
Thereafter, appellees filed a motion for final summary judgment on appellant's claims for abuse and incest that allegedly occurred between April 9, 1988 and September 1991. Appellees argued that section 95.11(7), Florida Statutes, did not extend the statute of limitations for those claims. Appellees also argued that incest between consenting adults cannot give rise to an actionable tort. The trial court concluded "that the pleadings and other filings of record, including affidavits, show that there is no genuine issue as to any material fact and that [appellees were] entitled to a judgment as a matter of law."
On appeal, appellant "agrees with Appellees that [the] four-year statute of limitations [provided for in section 95.11(3)(o), Florida Statutes,] applies to her claims preceding April 1988." She contends, however, that section 95.11(7), Florida Statutes, and the continuing tort doctrine extended the time for her to file *15 suit on both her pre-1988 and post-1988 claims. She also contends that her status, as an adult participant in the alleged incest, does not preclude her from maintaining a claim for damages arising out of the incest; that she has a claim for intentional infliction of emotional distress[1] based upon a lifetime of sexual abuse; and that the trial court erred in precluding discovery on perjured testimony and witness tampering. We conclude that neither section 95.11(7), Florida Statutes, nor the continuing tort doctrine extended the limitations period for appellant's claims. Therefore, we need not address whether an adult participant in incest can maintain a claim for damages or whether the trial court erred in limiting discovery.
Prior to 1992, abuse and incest cases were subject to a four year statute of limitations under section 95.11(3)(o), Florida Statutes. Effective April 8, 1992, the legislature amended section 95.11, Florida Statutes, adding subsection (7), which permits the extension of the four year limitations period under certain situations in abuse and incest cases. Section 95.11, as amended, provides:
Limitations other than for the recovery of real property.Actions other than for recovery of real property shall be commenced as follows: ...
(3) WITHIN FOUR YEARS....
(o) An action for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or any other intentional tort, except as provided in subsections (4), (5), and (7)....
(7) FOR INTENTIONAL TORTS BASED ON ABUSE.An action founded on alleged abuse, as defined in s. 39.01, s. 415.102, or s. 984.03, or incest, as defined in s. 826.04, may be commenced at any time within 7 years after the age of majority, or within 4 years after the injured person leaves the dependency of the abuser, or within 4 years from the time of discovery by the injured party of both the injury and the casual relationship between the injury and the abuse, whichever occurs later.

§ 95.11, Fla. Stat. (Supp.1996)(emphasis added).
Section 95.11(3)(o), Florida Statutes, bars appellant's claims for sexual abuse and incest that allegedly occurred from 1965 to April 8, 1988. In Boyce v. Cluett, 672 So.2d 858 (Fla. 4th DCA 1996), a thirty-three year old daughter filed suit against her stepfather in 1994 for sexual abuse that occurred between 1968 and 1971. Id. at 859. The daughter claimed that she first learned of the abuse in 1990 through psychological counseling. See id. Relying on the supreme court's decision in Wiley v. Roof, 641 So.2d 66 (Fla.1994), this court concluded that her claims were barred and could not be revived under section 95.11(7), Florida Statutes. Boyce, 672 So.2d at 860. "[A]lthough the legislature possesses the power to extend the limitations period for an existing cause of action, it lacks the authority to breathe life into a claim that is lifeless as a result of a pre-existing statute." Id.; see also Mason v. Salinas, 643 So.2d 1077, 1077 (Fla. 1994)("[O]nce the action is barred [by statute], a property right to be free from a claim has attached, and the legislature cannot subsequently resurrect it."); Wiley, 641 So.2d at 67. Since appellant's claims from 1965 to April 8, 1988 accrued and became time-barred under section 95.11(3)(o), Florida Statutes, we hold that the trial court did not err in granting appellee's motion for partial summary judgment.
*16 We also hold that section 95.11(3)(o), Florida Statutes, bars appellant's claims for sexual abuse and incest that allegedly occurred from April 9, 1988 to September 1991. Appellant testified by affidavit that
[d]uring the course of [her] therapy in the summer of 1996, [she] was able [for the first time] to connect the acts of sexualization and sexual abuse with [her] present psychological injuries. For a variety of tremendously complex reasons [she] never discussed prior to 1996, with any treating psychologist, psychiatrist, physician, therapist or counselor the acts set forth in [her] affidavit or the fact that [her father] had sexually abused [her] for most of [her] life.
Appellant also testified that she was fully aware of the fact that she was engaging in sexual relations with her father, even as a minor. According to appellant, it was "something you don't easily forget." She further testified that she knew the relationship was wrong but continued it after she reached the age of majority and married. In her affidavit, she states:
Throughout all of the period of abuse in this Affidavit [from 1965 to 1991], but particularly during the time I lived with my father in 1976 and 1977, his sexual abuse resulted in frequent illness and painful pelvic infections. Because of his assaults, I often missed school or was late for class; at times he would even forbid me to go to school.
In my junior year, while residing with my father, I wrote letters and diary-type entries in which I expressed shame, humiliation, fear and confusion about my father's sexual relationship with me and about my body and bodily functions.
Appellant argues that section 95.11(7), Florida Statutes, extended the limitations period because she did not discover the causal relationship between the injury and abuse until she underwent psychotherapy in 1996. However, her testimony shows that prior to her psychotherapy in 1996, she had notice that she had been the victim of abuse and incest and that she knew she had suffered some physical and psychological injury. The fact that appellant may not have known the full extent of the injury did not toll the period of limitations. See Doe v. Dorsey, 683 So.2d 614, 617 (Fla. 5th DCA 1996); see also Seaboard Air Line R.R. Co. v. Ford, 92 So.2d 160, 164 (Fla.1955)("Generally, in actions for personal injuries resulting from the wrongful act or negligence of another, the cause of action accrues and the statute begins to run from the time when the injury was first inflicted, and not from the time when the full extent of the damages sustained has been ascertained."). Because appellant had notice of the abuse, incest, and injury more than four years before she filed suit, section 95.11(7), Florida Statutes, did not extend the limitations period. See Sylk v. Rosenberg, 754 So.2d 836, 837 (Fla. 3d DCA 2000)(holding in part that because "[t]he suit was filed more than four years from the time ... Sylk discovered her injury and the causal relationship between her injury and the abuse[,] Sylk [could] not rely on Section 95.11(7), Florida Statutes (1997), to provide her with a timely cause of action.").
Finally, we reject appellant's argument that her claims from 1965 to September 1991 were not time-barred because her father's conduct amounted to a continuing tort of incest. We have held that section 95.11(7), Florida Statutes (Supp.1996), did not extend the time to file suit. Therefore, even if the continuing tort doctrine applied to the facts of this case, appellant's claims are barred by section 95.11(3)(o), Florida Statutes, because she failed to file suit within four years of the last sexual contact, which allegedly occurred during September 1991. See § 95.11(3)(o), Florida Statutes; see also Sylk, 754 So.2d at 837 (reversing the summary judgment in part and holding that the plaintiff's recovery for alleged sexual abuse was limited to those injuries that occurred during the four years prior to her filing suit).
*17 Accordingly, we affirm the trial court's orders granting a partial summary judgment and a final summary judgment in favor of appellees.
AFFIRMED.
KLEIN and TAYLOR, JJ. concur.
NOTES
[1] Since this claim re-alleges the same facts mentioned in appellant's sexual abuse claims and fails to provide any additional facts, it is not a free-standing tort but dependent upon the sexual abuse claims. See Fridovich v. Fridovich, 598 So.2d 65, 69-70 (Fla.1992)(holding that no separate cause of action for intentional infliction of emotional distress existed when the plaintiff merely renamed the initial cause of action and repled the same facts).