THOMAS, J.,
specially concurring in result only.
I concur in result only because we are bound by the decision of the Florida Su *129 preme Court in Wiley v. Roof, 641 So.2d 66 (Fla.1994), which held that the legislature cannot retroactively revive time-barred civil actions under the due process clause of the Florida Constitution. In Wiley, the court held that an alleged victim of sexual abuse and incest could not file a civil action to recover damages, despite a statute which revived her time-barred claim. Id. at 68. I respectfully submit the better view is expressed in the United States Supreme Court’s decision in Chase Securities Corporation v. Donaldson, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945), which reaffirmed its decision issued 60 years earlier in Campbell v. Holt, 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885), holding that a statute of limitation is a creature of legislative grace and, consistent with the Fourteenth Amendment, the legislature can revive time-barred civil actions where the claim does not involve the vested title of real or personal property. Chase Securities, 325 U.S. at 311-12, 65 S.Ct. 1137.
In Wiley, the Florida Supreme Court cited the dissenting opinion in Campbell, and interpreted Florida’s constitutional due process provision more expansively than the Fourteenth Amendment to prohibit the legislature from retroactively enlarging statutes of limitation. Wiley, 641 So.2d at 68. The Florida Supreme Court stated, “Once barred, the legislature cannot subsequently declare that ‘we change our mind on this type of claim’ ” and revive a time-barred suit for damages. Id. This was not the view of the unanimous holding in Chase Securities, which held that the legislature’s power includes the authority to revive such claims:
Statutes of limitation find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles. They are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded.... They are by definition arbitrary, and their operation does not discriminate between the just and unjust claim, or the voidable or unavoidable delay. They have come into the law not through judicial process but through legislation. They represent a public policy about the privilege to litigate. Their shelter has never been regarded as what now is called a ‘fundamental’ right ... of the individual .... The history of pleas of limitation shows them to be good only by legislative grace and to be subject to a relatively large degree of legislative control.
325 U.S. at 314, 65 S.Ct. 1137 (emphasis added; citations and footnotes omitted).
The Court in Chase Securities recognized that “[assuming that statutes of limitation like other types of legislation could be so manipulated that their retroactive effects would offend the Constitution, certainly it cannot be said that lifting the bar of a statute of limitation so as to restore a remedy lost through mere lapse of time is per se an offense against the Fourteenth Amendment.” 325 U.S. at 315-16, 65 S.Ct. 1137 (emphasis added).
In my view, the United States Supreme Court expressed the more persuasive rationale that the legislature does have the power to revive time-barred civil actions. Thus, I would hold that the 2009 legislation which eliminated the statute of limitation applicable here would allow for the State’s counterclaim, but for the Florida Supreme Court’s holding in Wiley. Because I am bound by Wiley, I concur in the result of the majority opinion.