# Third District Court of Appeal

## State of Florida

Opinion filed May 28, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0040
Lower Tribunal No. 19-3115-CA-01
_____

**Vista Financial Group, LLC**,
Appellant,

vs.

**The Bank of New York Mellon, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Courtney B. Bouillon (Orlando), for appellant.

Atlas | Solomon, LLP and Eric M. Levine (Stuart), for appellee.

Before FERNANDEZ, GORDO and LOBREE, JJ.

GORDO, J.

Vista Financial Group, LLC appeals a final summary judgment entered in favor of Bank of New York Mellon,[1] the defendant below, and an order denying rehearing and leave to file a fifth amended complaint. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Finding no error in the trial court's entry of final summary judgment and no abuse of discretion in its denial of leave to amend, we affirm. See Ibarra v. Ross Dress for Less, Inc., 350 So. 3d 465, 467 (Fla. 3d DCA 2022) ("The standard of review on orders granting final summary judgment is de novo . . . Summary judgment is appropriate where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.") (internal quotation marks and citations omitted); Baxter v. Northrup, 128 So. 3d 908, 909 (Fla. 5th DCA 2013) ("When expiration of the statute of limitations is the basis of a summary judgment motion, the movant has the burden of showing 'conclusively that there was no genuine issue of fact that the statute of limitations had expired before the filing of the complaint.'" (quoting Green v. Adams, 343 So. 2d 636, 637 (Fla. 4th DCA 1977))); Nicarry v. Eslinger, 990 So. 2d 661, 663 (Fla. 5th DCA 2008) ("Section 95.11, Florida Statutes, outlines the statute of limitations for all causes of action except for recovery

---

[1] The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for The Certificate Holders of the CWALT, Inc., Alternative Loan Trust 2006-OA6 Mortgage Pass-Through Certificates, Series 2006-OA6.

of real property."); Mason v. Salinas, 643 So. 2d 1077, 1078 (Fla. 1994) ("[S]ection 95.11[] bars all actions unless they are commenced within the times designated by the statute."); Fla. R. Civ. P. 1.510(c)(4) ("An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); Dorvil v. Nationstar Mortg., LLC, No. 17-23193-CIV, 2020 WL 9065875, at *2 (S.D. Fla. Feb. 13, 2020) ("The Zillow print-out is subject to exclusion for numerous reasons. First, Plaintiff has not, and cannot, authenticate the evidence with his expected trial witnesses. Second, the print-out is hearsay, for which no exception has been invoked. Third, the manner in which home value estimates on Zillow are prepared is unknown. The estimates appear to be based in part on a combination of user input and other criteria that are weighted pursuant to a computer algorithm. There is simply no way for the reliability of Zillow estimates to be tested without accompanying testimony from an individual with specialized knowledge, making the estimate akin to impermissible opinion testimony. Finally, [the] proffered estimate is from 2017, which, given fluctuations in the real estate market, is too remote in time to the foreclosure sale to be of probative value."); Pangea Produce Distribs., Inc. v. Franco's Produce, Inc., 275 So.

3d 240, 242 (Fla. 3d DCA 2019) ("The standard of review for the denial of leave to amend is abuse of discretion."); Readon v. WPLG, LLC, 317 So. 3d 1229, 1238 (Fla. 3d DCA 2021) ("Generally, refusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or the amendment would be futile."); DJB Rentals, LLC v. City of Largo, 373 So. 3d 405, 413 (Fla. 2d DCA 2023) ("A proposed amendment is futile if it is insufficiently pled, or is insufficient as a matter of law.") (internal quotation marks and citation omitted).

Affirmed.