CAMPBELL, Judge.
In this conflict of laws dispute, appellant, Practice Management Associates, Inc. (PMA), challenges the final summary judgment for appellee chiropractors, arguing that the trial court improperly found that the contract between PMA and appellees requires illegal fee splitting under Wisconsin law.
We agree with appellant that the contract does not require illegal fee splitting and reverse on the authority of Practice Management Associates, Inc. v. Orman, 614 So.2d 1135 (Fla. 2d DCA 1993). Although Orman involved application of Illinois law, and this case involves the application of both Illinois and Wisconsin law, we believe that Orman applies because the Wisconsin law regarding fee splitting is substantially similar to the Illinois law. Chapter 111, paragraph 4400-22(14), Illinois Rev.Statutes (1989), provides as follows:
§ 22. A. The Department may revoke, suspend, place on probationary status, or take any other disciplinary action as the Department may deem proper with regard to the license or visiting professor permit of any person issued under this Act to practice medicine, or to treat human ailments without the use of drugs and without operative surgery upon any of the following grounds:
[[Image here]]
14. Dividing with anyone other than physicians with whom the licensee practices in a partnership, Professional Association or Medical or Professional Corporation any fee, commission, rebate or other form of compensation for any professional services not actually and personally rendered.
The Wisconsin law provides: “The examining board, by order, may reprimand a licensee or registrant and may deny, limit, suspend or revoke any license or certificate of registration if the licensee or registrant: ... (5) [i]s guilty of unprofessional conduct....” § 446.03 Wis.Stat. (1989).
“Unprofessional conduct includes, without limitation because of enumeration: ... (4) [sjplitting or dividing any fee for chiropractic service with any person except an associate licensed chiropractor....” § 446.04 Wis.Stat. (1989).
Since the Illinois and Wisconsin statutes are substantially similar, we find that the contract does not require illegal fee splitting and, on the authority of Orman, reverse the final summary judgment entered in favor of appellee chiropractors.
DANAHY, A.C.J., and PATTERSON, JJ., concur.