622 So.2d 1018 (1993)
Carrie Linn Young ROOF, Appellant,
v.
Calvin WILEY, Wilma Wiley, C.W. "Bill" Young, Thomas Edward Young and Toni Young, Individually, Jointly and Severally, Appellees.
No. 91-04243.
District Court of Appeal of Florida, Second District.
June 18, 1993.
Rehearing Denied August 24, 1993.
*1019 Barry A. Cohen and Christopher P. Jayson of Barry A. Cohen, P.A., Tampa, for appellant.
Martin Errol Rice of Martin Errol Rice, P.A., St. Petersburg, for appellees Calvin Wiley and Wilma Wiley.
Anthony S. Battaglia and Brian P. Battaglia, St. Petersburg, for appellee C.W. "Bill" Young.
Richard J. DaFonte of Law Offices of Richard J. DaFonte, P.A., Largo, for appellees Thomas Edward Young and Toni Young.
BUCKLEW, SUSAN C., Associate Judge.
Appellant, Carrie Linn Young Roof, challenges the trial court's order dismissing her first amended and supplemental complaint with prejudice as to Calvin and Wilma Wiley and C.W. "Bill" Young. We reverse as to Calvin Wiley, but affirm as to Wilma Wiley and C.W. "Bill" Young.
Roof filed a complaint on April 18, 1991 against Calvin Wiley (her grandfather), Wilma Wiley (her grandmother), C.W. "Bill" Young (her uncle), Thomas Edward Young (her father) and Toni Young (her stepmother). The first count of the complaint alleged that her grandfather had sexually abused Roof on or about March 15, 1973, when she was 15 years old. The second count alleged that her grandmother, uncle, and father had knowledge of the *1020 abuse and failed to report it, prevented her through threats from reporting it to the lawful authorities, and refused her medical care. The third count alleged that her father was negligent in his failure to protect Roof, and the fourth count that all defendants, including her stepmother, conspired to prevent her from reporting the alleged abuse. The grandparents and the uncle moved to dismiss the counts against them as barred by the applicable statute of limitations (four years). By order dated November 18, 1991, the trial court granted these three defendants' motions and dismissed Roof's first amended and supplemental complaint with prejudice as to them, holding that it was time-barred. A similar motion to dismiss by the father and stepmother was not ruled on and was not addressed in the trial court's order.
There is no doubt that under the statute of limitations in effect at the time the complaint was filed, section 95.11(3)(o), Florida Statutes (1989), Roof's complaint was time-barred, the complaint having been filed more than 18 years after the last instance of alleged abuse. However, while this appeal was pending, the Legislature amended this subsection of the statute. Chapter 92-102 provides as follows (deletions are struck through and additions are underlined):
Section 1. Paragraph (o) of subsection (3) of section 95.11, Florida Statutes, is amended, and subsection (7) is added to said section, to read:
95.11. Limitations other than for the recovery of real property
Actions other than for recovery of real property shall be commenced as follows:
(3) Within four years. 
(o) An action for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or any other intentional tort, except as provided in subsections (4), and (5), and (7).
(7) For intentional torts based on abuse.  An action founded on alleged abuse, as defined in s. 39.01 or s. 415.102, or incest, as defined in s. 826.04, may be commenced at any time within 7 years after the age of majority, or within 4 years after the injured person leaves the dependency of the abuser, or within 4 years from the time of discovery by the injured party of both the injury and the causal relationship between the injury and the abuse, whichever occurs later.
Section 2. Notwithstanding any other provision of law, a plaintiff whose abuse or incest claim is barred under section 1 of this act has 4 years from the effective date of this act [April 8, 1992] to commence an action for damages.[1]
The narrow issue presented to this court is whether section 2 of this 1992 law revives Roof's right to commence an action for damages based on intentional abuse or incest giving her four years from April 8, 1992 to do so. Roof's cause of action against her grandmother and uncle is not based on the intentional torts defined in subsection (7). Thus, the plain language of the newly enacted law does not revive her right to sue them. Therefore, this issue deals only with the action for damages as to her grandfather.
A statute of limitations is applied prospectively unless the intent to provide retroactive effect is express, clear and manifest. Homemakers, Inc. v. Gonzales, 400 So.2d 965 (Fla. 1981); Brooks v. Cerrato, 355 So.2d 119 (Fla. 4th DCA), cert. denied, 361 So.2d 831 (Fla. 1978); Foley v. Morris, 339 So.2d 215 (Fla. 1976). In Homemakers and Foley, the Florida Supreme Court interpreted an amendment to section 95.11(6), Florida Statutes (1972), relating to medical malpractice and refused to apply the amendment retroactively because there was no clear legislative intent to do so. Without the clear, express legislative intent of retroactive application, rights accrued or judgments rendered before the passage of such an amendment are not affected by the amendment but are governed instead by the original statute. The court reaffirmed this position in Melendez v. Dreis & Krump Manufacturing *1021 Co., 515 So.2d 735 (Fla. 1987), interpreting a statute repealing the statute of repose in products liability actions. The court stated in Melendez that the 1986 legislation pertaining to section 95.031(2) did not apply retroactively because the mere statement that the statute became effective on July 1, 1986 was not sufficient clear and express manifestation of intent for retroactive effect.
These cases suggest, however, that the Legislature does have the power to revive a claim previously barred by a statute of limitations and give a statute of limitations retroactive effect if the language of the statute clearly expresses an intent by the Legislature to do so. See Walter Denson & Son v. Nelson, 88 So.2d 120, 121 (Fla. 1956) (quoting Annotation, Validity and Applicability to Existing Causes of Action not Already Barred of Statute Enlarging Period of Limitation, 46 A.L.R. 1101 (1925)):
The several states have full power to alter or amend laws providing the mode and manner of dispensing justice in their respective judicial tribunals as they may consider best calculated to promote the ends of justice, provided that in so doing they do not impair the obligation of contracts; and ordinarily statutes of limitation do not have this effect, inasmuch as they act only on the remedy. (Emphasis in Denson.)
See also Annotation, Power of Legislature to Revive a Right of Action Barred by Limitation, 36 A.L.R. 1316 (1925). There is no doubt that the legislative language of section 2 of chapter 92-102 clearly expresses an intent to revive for a four year period previously time-barred causes of action based on intentional abuse or incest.[2] The grandfather argues, however, that the Legislature has the power to extend a civil limitations period only prior to that period's expiration and once the limitations period expires, so does the Legislature's prerogative to extend it. The grandfather thus claims that once the limitations period expired, a defendant acquired a vested right not to be sued.
The grandfather relies on Firestone Tire & Rubber Co. v. Acosta, 612 So.2d 1361 (Fla. 1992), another product liability/statute of repose case where the court dealt with the same 1986 amendment to section 95.031(2) as it did in Melendez. The court in Firestone held that the repeal of this statute of repose did not have the effect of reestablishing a cause of action previously extinguished by operation of law. "We find there is no authority or intent by the Legislature to do so." Firestone, 612 So.2d at 1363. The court in Firestone relied on Melendez where it had previously held that absent the Legislature's "clear manifestation of retroactive effect the subsequent elimination of the statute of repose [could not] save the plaintiff's suit." Melendez, 515 So.2d at 736. The court in Firestone went on to say that inherent in its reasoning and conclusion was that a party had a "right to have the statute of limitations period become vested once it has `completely run and barred [the] action.'" Firestone, 612 So.2d at at 1364 (quoting Mazda Motors of America, Inc. v. S.C. Henderson & Sons, Inc., 364 So.2d 107, 108 (Fla. 1st DCA 1978), cert. denied, 378 So.2d 348 (Fla. 1979)).
Federal law has long held in civil cases that where the lapse of time has not vested a party with title to real or personal property, a state legislature, consistent with the Fourteenth Amendment, may repeal or extend a statute of limitations even after a right of action is barred, restore to the plaintiff his remedy, and divest the defendant of his statutory bar. Chase Securities Corp. v. Donaldson, 325 U.S. 304, 311-12, 65 S.Ct. 1137, 1140-42, 89 L.Ed. 1628 (1945); Campbell v. Holt, 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885). The history of statutes of limitation shows them to be good only by legislative grace and subject to a relatively large degree of legislative control. Chase, 325 U.S. at 314, 65 S.Ct. at 1142.
*1022 The Florida Supreme Court, consistent with this view, examined a legislative window of opportunity to revive time-barred actions in Celotex Corp. v. Meehan, 523 So.2d 141 (Fla. 1988). In Celotex the court was construing an amendment to a New York statute of limitations which provided:
[E]very action for personal injury ... caused by the latent effects of exposure to ... asbestos . .. which is barred as of the effective date of this act or which was dismissed prior to the effective date of this act solely because the applicable period of limitations has or had expired is hereby revived and an action thereon may be commenced provided such action is commenced within one year from the effective day of this act.

1986 N.Y. Laws, ch. 682, § 4 (emphasis added).
Celotex, 523 So.2d at 146. The court concluded that a cause of action for injury sustained from exposure to asbestos barred by a New York statute of limitation at the time the cause was filed in Florida was revived by the amendment enacted while the case was on appeal. Racich v. Celotex Corp., 887 F.2d 393 (2d Cir.1989), also held the same New York statute revived a plaintiff's claim arising from exposure to asbestos and allowed that plaintiff to have his day in court. The Second Circuit found that the limitations period expiring prior to the Legislature's enacting the revival statute did not eliminate the plaintiff's cause of action but merely suspended the court's ability to grant a remedy. Racich, 887 F.2d at 396.
Courts have no power to strike down an action of the Legislature unless the provisions of the act, or some of them, clearly violate some expressed or implied constitutional inhibition. Holley v. Adams, 238 So.2d 401 (Fla. 1970). The plain language on the face of chapter 92-102 shows that the Legislature intended to revive Roof's claim as to her grandfather. Therefore, unless the statute violates a constitutional right, it should not be struck down. Since the limitations statute applies to remedies (in this case not to be sued for certain intentional torts), we cannot see how it creates a vested constitutional right once the statute has run. The grandfather does not suggest to us, nor has our independent research suggested, that a person has a constitutional right not to be sued once the limitations period has run for intentionally abusing a minor.[3] The situation is distinguishable from those statutes which create (or abolish) a cause of action and a limitations period within which the action must be brought.[4] Even if we assume that a vested right exists in the repose of an action for products liability which has not been revived by the simple repeal of the statute of repose, as in Firestone and Melendez, the same argument cannot apply to the facts and public policy issues in the instant case. Here the Florida Legislature has unmistakably and clearly expressed its intent to revive a cause of action for intentional abuse.
We are further persuaded in this conclusion because if the Legislature had not wanted to allow a time-barred cause of action, it knew how to do so. For example, in chapter 74-382, Laws of Florida, section 36 provided:
This act shall become effective on January 1, 1975, but any action that will be barred when this act becomes effective and that would not have been barred under prior law may be commenced before January 1, 1976, and if it is not commenced by that date, the action shall be barred.
Therefore, we have no doubt of its intent in the instant case: The Legislature, that branch of government charged with developing public policy in this state, wanted increased availability of relief to plaintiffs who have been victims of certain forms of *1023 abuse in the past. These plaintiffs have four years from April 8, 1992, to commence such action.
The parties have also urged us to consider cases from other jurisdictions which deal with statutes of limitations as applied to causes of action based on sexual abuse: K.E. v. Hoffman, 452 N.W.2d 509 (Minn. App. 1990)[5] and Starnes v. Cayouette, 244 Va. 202, 419 S.E.2d 669 (1992).[6] However, because the holdings in these cases differ substantially, they do not provide much guidance.
Moreover, while not the primary basis for our holding, we note the Legislature passed the amendment while the instant case has been on appeal. Disposition of a civil case on appeal is generally made in accordance with the law in effect at the time of the appellate court's decision rather than the law in effect at the time the judgment appealed from was rendered unless a substantive right is altered. Cantor v. Davis, 489 So.2d 18 (Fla. 1986); State v. Lavazzoli, 434 So.2d 321 (Fla. 1983). As mentioned above, we find no substantive right in maintaining a limitations defense in an action for intentional abuse or incest.
In summary, Roof's right to commence an action as to Calvin Wiley was revived by the enactment of section 2 of chapter 92-102. Therefore, as to Calvin Wiley, this case is reversed and remanded for further proceedings. As to Wilma Wiley and C.W. "Bill" Young, the trial court's order dismissing the complaint is affirmed.
DANAHY, A.C.J., and PATTERSON, J., concur.
NOTES
[1] We note that this legislatively created window for filing claims previously time-barred has been placed in a special footnote to section 95.11, Florida Statutes (Supp. 1992).
[2] We have also reviewed the committee discussion on Senate Bill No. 1018 which reflects the intent to reinstate a cause of action for sexual abuse to allow those who would otherwise be time barred to go back and maintain the action.
[3] Compare Campbell v. Holt, 115 U.S. at 628, 6 S.Ct. at 213: "No man promises to pay money with any view to being released from that obligation by lapse of time. It violates no right of his, therefore, when the Legislature says, time shall be no bar, though such was the law when the contract was made."
[4] Compare Bauld v. J.A. Jones Constr. Co., 357 So.2d 401 (Fla. 1978) (affirming dismissal of personal injury suit barred by statute of repose even before cause of action accrued, finding that revisions to section 95.11 did not deny right of access to courts but merely laid down conditions in exercising it).
[5] K.E. held that a limitations statute providing that a sexual abuse claim did not arise until the victim knew or had reason to know the injury was caused by abuse applied retroactively. The Minnesota Court found the Legislature did not impair the defendant's due process rights by enacting the statute and reviving the plaintiff's claim.
[6] The Virginia Supreme Court held that a statute authorizing a tort action for sexual abuse occurring during infancy or incompetency of the plaintiff violated the the due process right the defendant had acquired in a limitations defense. The Court stated the right to set up the bar of the statute of limitations as a defense after the statute had run is a vested right which could not be taken away by legislation. The Court further held it immaterial whether the action is for recovery of real or personal property, recovery of a money demand, or recovery of damages for a tort.