PER CURIAM.
The appellants, Rhonda Clements, f/k/a Rhonda Sheffield, and Pamela Sheffield, challenge the trial court’s order dismissing their action against the appellee, Alvis Oliver Sheffield. We find, and the appellants agree, that the trial court properly dismissed that portion of the appellants’ complaint which alleged a cause of action for negligence and, accordingly, affirm that part of the order. The trial court erred, however, when it dismissed that portion of the appellants’ complaint which alleged intentional sexual abuse, and we, therefore, reverse and remand for further proceedings.
The appellants filed a civil action against their father, the appellee, on July 14, 1992. The appellants’ five count complaint was based upon allegations that the appellee had sexually abused both of the appellants between the years 1968 and 1986. The complaint, in addition to allegations concerning intentional torts, contained a count alleging negligence on the part of the appellee. The trial court held that the appellants’ complaint was barred by the applicable statute of limitations and granted the appellee’s motion to dismiss the complaint with prejudice. The court found that since the last acts of negligence allegedly occurred more than four years prior to the filing of the complaint, the appellants’ negligence action was barred by section 95.11(3)(a), Florida Statutes (Supp. 1992), and that the balance of the complaint, dealing with intentional torts, was barred by section 95.11(3)(o), Florida Statutes (Supp. 1992). Although the court recognized that section 2 of chapter 92-102, Laws of Florida, which amended section 95.11, revived previously time barred causes of action premised on intentional abuse or incest and allows those actions to be filed within four years of April 8,1992, the court held that the law was unconstitutional as applied to the appellee. This timely appeal followed.
As mentioned above, that portion of the court’s order which dismisses the appellants’ negligence action with prejudice is correct and is hereby affirmed.
The court erred, however, by dismissing those portions of the appellants’ complaint dealing with sexual abuse. This court has recently held that section 2 of chapter 92-102, Laws of Florida, which amended section 95.11, was valid and that it revived, for a four year period, previously time barred causes of action based on intentional abuse or incest. Roof v. Wiley, 622 So.2d 1018 (Fla. *274 2d DCA 1993).[1] The four year period commenced April 8, 1992, and since the appellants’ complaint was filed within this four year'period the court erred by dismissing it. We, accordingly, reverse and remand for proceedings consistent herewith.
Reversed and remanded.
SCHOONOVER, A.C.J., and PATTERSON, J., concur.
HALL, J., concurs specially.

. We note that the trial court did not have the benefit of this opinion at the time it dismissed the appellants’ complaint.