710 So.2d 87 (1998)
Paula Jean HEARNDON, Appellant,
v.
Kenneth L. GRAHAM, Appellee.
No. 92-3842.
District Court of Appeal of Florida, First District.
April 14, 1998.
Norm LaCoe and Horace N. Moore, Sr., Gainesville, for Appellant.
Michael W. Jones, Gainesville, for Appellee.
VAN NORTWICK, Judge.
Paula Jean Hearndon appeals the trial court's order dismissing her complaint against Kenneth Graham, Hearndon's stepfather, for injuries that resulted from sexual abuses he allegedly committed upon her beginning in 1968 when she was 8, and continuing until 1975 when she turned 15 (at which time, according to the complaint, Graham allegedly murdered Hearndon's mother). The complaint was dismissed with prejudice on the sole ground that the alleged cause of action was barred, as a matter of law, by the four-year statute of limitations in section 95.11(3)(o), Florida Statutes (1987). Hearndon argued to the trial court that it should apply the doctrine of delayed discovery of an injury to toll the statute of limitations in her case on the basis that, as an adult survivor of childhood sexual abuse, she suffered from socalled "traumatic amnesia," or a related syndrome, caused by the abuses allegedly perpetrated by Graham, thereby explaining why earlier commencement of the action had not been possible. The trial court dismissed Hearndon's complaint citing the Third District Court of Appeal's decision in Lindabury *88 v. Lindabury, 552 So.2d 1117 (Fla. 3d DCA 1989). Neither party brought to the court's attention the then newly enacted amendment to the statute of limitations contained in chapter 92-102, section 1, Laws of Florida, codified in section 95.11(7), Florida Statutes (1993). On appeal, however, in addition to arguing that the trial court erred in failing to apply the delayed discovery rule, Hearndon also urges that we should reverse the order of dismissal on the basis of that amendment as well.[1] For the following reasons, we affirm and certify a question of great public importance.

Lindabury v. Lindabury
An action for damages from child abuse is governed by the four-year statute of limitations applicable to civil actions for injury or damages caused by an intentional tort. See § 95.11(3)(o), Fla. Stat. (1987). Under section 95.031, "the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues." The cause of action will have accrued "when the last element constituting the cause of action occurs." § 95.031(1), Fla. Stat. (1987). Generally, the last element in the case of the tort cause of action of battery is complete upon the physical contact which constitutes the battery. See Lindabury, 552 So.2d at 1117; see also Restatement (Second) of Torts, § 899, 1 cmt. c (1979).
Lindabury involved an action brought in 1985 in which Lindabury sought damages from her father and her mother based on alleged sexual batteries perpetrated by her father beginning in 1955 and continuing through 1965, the memories of which she allegedly had repressed but had "rediscovered" when she sought psychological counseling just prior to filing the complaint. Reading subsection 95.11(3)(o), Florida Statutes (1987), in conjunction with subsection 95.031(1), the Lindabury court found that "[i]t is beyond contradiction that the alleged incestuous acts, if taken as true, damaged the appellant at the time they occurred," Lindabury, 552 So.2d at 1117, and that the last contemporaneous injury suffered by Lindabury was sufficient to complete the cause of action and commence the limitations period. Thus, the court held that Lindabury's cause of action accrued no later than 1965 and that the action was therefore time-barred as a matter of law. Id. at 1117-18. Judge Jorgenson dissented, however, advocating factual if not judicial recognition of the blocking effect such heinous acts might have on the victim's ability to remember, and endorsing the application of the delayed discovery rule to permit the action to proceed. Id. at 1118-21 (Jorgenson, J., dissenting).

Chapter 92-102, Laws of Florida
As noted above, by chapter 92-102, Laws of Florida, the Florida Legislature amended section 95.11 to add subsection (7) specifically dealing with intentional torts based on acts of abuse. As a result, subsection (7) now provides, as follows:
FOR INTENTIONAL TORTS BASED ON ABUSE. An action founded on alleged abuse, as defined in s. 39.01 or s. 415.102, or incest, as defined in s. 826.04, may be commenced at any time within 7 years after the age of majority, or within 4 years after the injured person leaves the dependency of the abuser, or within 4 years from the time of discovery by the injured party of both the injury and the causal relationship between the injury and the abuse, whichever occurs later. (emphasis added)
Most significantly, however, section 2 of chapter 92-102 further provides that "[n]otwithstanding any other provision of law, a plaintiff whose abuse or incest claim is barred under section 1 of this act has 4 years from the effective date of this act to commence an action for damages." The effective date of chapter 92-102 was April 8, 1992. Hearndon argues that she is entitled to the benefit of these amended provisions.
*89 In Roof v. Wiley, 622 So.2d 1018 (Fla. 2d DCA 1993), the Second District ruled that with the passage of chapter 92-102, the Legislature removed the statute of limitations bar to the right of victims of certain forms of past intentional abuse to commence an action, even though the cause of action had been time-barred prior to the 1992 amendment of section 95.11. Forming the underpinnings of that decision was the U.S. Supreme Court's opinion in Chase Sec. Corp. v. Donaldson, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945), which held in civil cases that where the lapse of time has not vested a party with title to real or personal property, "a state legislature, consistently with the Fourteenth Amendment, may repeal or extend a statute of limitations, even after right of action is barred thereby, restore to the plaintiff his remedy, and divest the defendant of the statutory bar." Id., 325 U.S. at 311-12, 65 S.Ct. at 1141. In so ruling, the Supreme Court reaffirmed an earlier decision in Campbell v. Holt, 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885); see also International Union of Elec., Radio and Mach. Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc., 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976).
Notwithstanding, the Florida Supreme Court quashed the Second District's decision in Roof. In Wiley v. Roof, 641 So.2d 66 (Fla.1994) (Wiley), the Supreme Court held unconstitutional the Legislature's attempt in chapter 92-102 to revive time-barred claims founded on alleged childhood abuse or incest, expressly adopting the dissenting view expressed in Campbell v. Holt and holding that once an action has been barred by the statute of limitations, "a property right to be free from a claim has accrued" and the Legislature cannot subsequently "change [its] mind" and resurrect it. Id. at 68. Thus, under the rule established in Wiley, section 95-11(7) cannot benefit Hearndon here.

Equitable Exceptions to the Statute of Limitations
By itself, however, Wiley is not dispositive of the issue before us. Wiley addressed only the issue of the Legislature's power to resurrect a time-barred cause of action once the statute of limitations defense has vested. It did not address the judicial prerogative to recognize an exception to or to toll the running of the statute of limitations to prevent an injustice in certain extraordinary circumstances by the application of the equitable doctrine of delayed discovery.
As in Lindabury, the appellant argues here that the operation of the statute of limitations should be tolled by the equitable doctrine of delayed discovery based upon the appellant's traumatic amnesia caused by the very abuse for which she seeks recovery. In recent years, courts have recognized exceptions to the statute of limitations in cases where it has been alleged and proven that the plaintiff could not reasonably have discovered his or her cause of action within the limitations period. This is commonly seen in medical malpractice and wrongful death actions. See, e.g., Sara L. Johnson, Annotation, Medical Malpractice: Applicability of "Foreign Object" Exception in Medical Malpractice Statutes of Limitations, 50 A.L.R.4th 250 (1986). Courts have also applied the delayed discovery rule in instances of childhood sexual abuse involving alleged traumatic amnesia or posttraumatic stress disorder. See, e.g., Gregory G. Sarno, Annotation, Emotional or Psychological "Blocking" or Repression as Tolling Running of Statute of Limitations, 11 A.L.R. 5th 588 (1993); Annotation, Posttraumatic Syndrome as Tolling Running of Statute of Limitations, 12 A.L.R.5th 546 (1993); Michael Krauss, Fundamental Fairness in Child Sexual Abuse Cases, 8 Stan. L. & Pol'y Rev., 205 (1997); Gary Hood, The Statute of Limitations Barrier in Civil Suits Brought by Adult Survivors of Child Sexual Abuse: A Simple Solution, 1994 U. Ill. L.Rev. 419 (1994). In the majority of these cases, as in the present one, the plaintiff claims to have repressed all memory of the injury and the incident causing the injury until some time after the age of majority and after the limitations period has run. Although no Florida court has directly addressed the effect of traumatic amnesia on a limitations period, the delayed discovery rule was thoroughly examined by Judge Jorgenson in his Lindabury dissent. There, he urged against the mechanical application of the statutory limitations period in instances where adult victims of childhood *90 incest have presented sufficient evidence from which the fact finder could determine that the victim, "suffering from posttraumatic stress syndrome, blocked or repressed conscious memory of the alleged abuse throughout the limitations period." 552 So.2d at 1118 (Jorgenson, J., dissenting). Judge Jorgenson recognized that the occurrence of traumatic amnesia is susceptible to proof by medical evidence and testimony. As he observed:
Expert testimony regarding past acts and their consequences can readily be evaluated by a fact finder and considered with other evidence in the case to determine whether the alleged repression in fact occurred and, accordingly, whether the plaintiff ever had an opportunity to bring an earlier action.
Id. (Jorgenson, J., dissenting). Decisions from other jurisdictions support Judge Jorgenson's view. See, e.g., Johnson v. Johnson, 701 F.Supp. 1363 (N.D.Ill.1988); Farris v. Compton, 652 A.2d 49 (D.C.App.1994), answer to cert'd question conformed to, 84 F.3d 1452 (D.C.Cir.1996)(Table); Ault v. Jasko, 70 Ohio St.3d 114, 637 N.E.2d 870 (1994); Callahan v. State, 464 N.W.2d 268 (Iowa 1990); Petersen v. Bruen, 106 Nev. 271, 792 P.2d 18 (1990); Osland v. Osland, 442 N.W.2d 907 (N.D.1989); E.W. and D.W. v. D.C.H., 231 Mont. 481, 754 P.2d 817 (1988); Hammer v. Hammer, 142 Wis.2d 257, 418 N.W.2d 23, 25 (App.1987), rev. denied, 144 Wis.2d 953, 428 N.W.2d 552 (1988); D. v. D., 216 Cal.App.3d 285, 264 Cal.Rptr. 633 (1989), rev. dismissed, 275 Cal.Rptr. 380, 800 P.2d 858 (Cal.1990).[2]
Despite the potentially unjust result created here by the application of the statute of limitations, we conclude that we are constrained to affirm by the recent opinion of the Florida Supreme Court in Fulton County Admin. v. Sullivan, 22 Fla. L. Weekly S578, ___ So.2d ___ (Fla.1997)(rehearing pending). In Sullivan, the court considered the following certified question: "Are statutes of limitations for civil actions tolled by the fraudulent concealment of the identity of the defendant." Id.[3] The Sullivan court ruled that, because section 95.051(2), Florida Statutes (1985) "specifically precludes application of any tolling provision not specially provided for by the legislature," id. at S579, at ___, Florida courts cannot recognize a basis for tolling the statute of limitations not specifically established by the Legislature. Id.
Before proceeding further with our discussion of Sullivan, we must discuss the distinction between delaying the "accrual" of the cause of action or "tolling" the running of the statute of limitations after the cause of action has accrued. This distinction, if it remains viable, is important here. If, rather than tolling the statute, the delayed discovery doctrine works to delay the accrual of the cause of action, then the legislative preclusion on tolling set forth in section 95.051(2) might not restrict judicial recognition of the doctrine and Sullivan might not compel affirmance in the instant case.
Our review of Florida case law on the subject reveals, however, that the concepts of "accrual" and "tolling" have become blurred. Initially, Florida followed the rule stated in Cristiani v. City of Sarasota, 65 So.2d 878, 879 (Fla.1953):
that actions for personal injury based on the wrongful or negligent act of another accrue at the time of the injury and that that the statute of limitations begins to run at the same time. The running of the statute is not postponed even though the injury may not materialize or be discovered till later.
Exceptions to this bright-line rule arose, however. In Urie v. Thompson, 337 U.S. *91 163, 170, 69 S.Ct. 1018, 1025, 93 L.Ed. 1282 (1949), the United States Supreme Court held that an employee's claim under the Federal Employers' Liability Act for injuries in the nature of silicosis was not barred by the three-year statute of limitations where a suit was brought within three years from the time "the accumulated effects of the deleterious substance manifest[ed] themselves." Id. The court reasoned that "the traditional purposes of statutes of limitations ... require the assertion of claims within a specified period of time after notice of the invasion of legal rights." Id. The court found that there was "no suggestion that [the injured employee] should have known he had silicosis at an earlier date." Id. In view of the petitioner's "blameless ignorance," in determining when the cause of action accrued, the court ruled that a mechanical application of the concept of "accrual" under the statute of limitations should not be applied. Id., 337 U.S. at 169-70, 69 S.Ct. at 1024-25.
This so-called "blameless ignorance" doctrine announced in Urie, which delayed the accrual of the cause of action, was adopted in Florida. See City of Miami v. Brooks, 70 So.2d 306 (Fla.1954); Seaboard Air Line R. Co. v. Ford, 92 So.2d 160 (Fla.1957); Miami Beach First Nat'l Bank v. Edgerly, 121 So.2d 417 (Fla.1960). The doctrine became described as a "discovery rule," see Edgerly, 121 So.2d at 420 ("[T]he statute of limitations begins to run only upon discovery of the fact that a right, which will support a cause of action, has been invaded...."). Over time, however, the doctrine has been alternatively labeled both as an accrual concept and as a tolling provision. For example, in Creviston v. General Motors Corp., 225 So.2d 331, 334 (Fla.1969), the court explained that the "blameless ignorance" doctrine was not limited in its application and was
"merely a recognition of the fundamental principle that regardless of the underlying nature of a cause of action, the accrual of the same must coincide with the aggrieved party's discovery or duty to discover the act constituting an invasion of his legal rights." (emphasis added).
See also Lund v. Cook, 354 So.2d 940, 942 (Fla. 1st DCA 1978)(A cause of action accrues "with the aggrieved party's discovery or duty to discover the act constituting an invasion of his legal rights."); Senfeld v. Bank of Nova Scotia Trust Co. (Cayman) Ltd., 450 So.2d 1157, 1162 (Fla. 3d DCA 1984). In Seaboard Air Line R. Co. v. Ford, 92 So.2d at 165, however, the court explained that
if the employee knows or should have known that his disease is occupational in origin he has been put on notice of his right to a cause of action and can no longer rely on "blameless ignorance" as tolling the running of the statute.
(Emphasis added; citations and quotations omitted).
This blurring of the distinction between "accrual" and "tolling" infects the very exception, fraudulent concealment, involved in Sullivan. In adopting the fraudulent concealment doctrine in Proctor v. Schomberg, 63 So.2d 68 (Fla.1953), the Florida Supreme Court recognized that it was conceptually related to the discovery rule. In Proctor, however, the court described the effect of the fraudulent concealment doctrine in the alternative as "toll[ing] the running of the statute of limitations or constitut[ing] an exception to the statute thereby postponing the commencement of the running of the statute until discovery, or reasonable opportunity of discovery, by the owner of the cause of action." Id. at 70.
Similarly, in Nardone v. Reynolds, 333 So.2d 25 (Fla.1976), modified on other grounds, Tanner v. Hartog, 618 So.2d 177 (Fla.1993), fraudulent concealment was explained as impacting the accrual of the cause of action by "prevent[ing] plaintiffs from discovering their cause of action," Nardone, 333 So.2d at 37. Nevertheless, the Nardone court ruled that the defendant's fraudulent concealment of "the facts showing negligence, will toll the statute of limitations ...." id. (emphasis added), and that:
the statute of limitations will be tolled when it can be shown that fraud has been perpetrated on the injured party sufficient to place him in ignorance of his right to a cause of action or to prevent him from discovering his injury.
Id. at 39, (emphasis added).
The rule in Sullivan seems broadly stated. Although Sullivan holds that section *92 95.051(2) precludes the judicial recognition of a "tolling provision" such as the doctrine of fraudulent concealment, the Sullivan court explains that "[w]hen construing statutes of limitations, generally courts will not write in exceptions when the legislature has refused to do so." Sullivan, 22 Fla. L. Weekly at S579, ___ So.2d at ___. As a result, we conclude that, as used in Sullivan, the term "tolling" now refers both to the traditional concept of a cessation of the running of the statute of limitations and to a delay in the accrual of a cause of action.
By the broad language used by the Sullivan court, we are led to conclude that Sullivan marks a return to a more strict judicial interpretation of the statutes of limitations for purposing of determining when the applicable statute should begin to run. Sullivan appears to have receded, sub silentio, from the line of cases which held that the last element occurs for purposes of section 95.031 and the cause of action accrues when the plaintiff knew or through the exercise of reasonable diligence should have known of the invasion of his legal rights. See Creviston v. General Motors Corp., 225 So.2d 331 (Fla.1969); D.B. v. CCH-GP, Inc., 664 So.2d 1094 (Fla. 2d DCA 1995); Keller v. Reed, 603 So.2d 717 (Fla. 2d DCA 1992); Flanagan v. Wagner, Nugent, Johnson, Roth, Romano, Eriksen & Kupfer, P.A., 594 So.2d 776 (Fla. 4th DCA 1992). Thus, under Sullivan, unless the legislature has expressly adopted a provision tolling the running of the statute of limitations, delaying accrual of a cause of action, or otherwise recognizing an exception to the statute, the last element for purposes of section 95.031(1) is determined by looking at the common law elements for the respective causes of action.[4] We believe that our reading of Sullivan is consistent with the Sullivan court's declaration that all exceptions to the statute of limitations must be codified by the legislature. Id.
Accordingly, we conclude that in the instant case Sullivan precludes a judicial recognition of either an exception to or a tolling of the statute of limitations based upon the application of the doctrine of delayed discovery to actions to recover damages for child abuse where the victim-plaintiff suffers from traumatic amnesia resulting from the abuse. Further, even though the Legislature has provided in section 95.11(7) that an action founded on alleged abuse may be commenced "within four years from the time of discovery by the injured party of both the injury and the causal relationship between the injury and the abuse," Wiley precludes the application of that statute here. Wiley, 641 So.2d at 68.
Because we recognize that there may be more than one way to read Sullivan and because the instant case raises issues of first impression involving the interrelated application of Wiley, Sullivan, and section 95.11(7), pursuant to Article V, section 3(b)(5) of the Florida Constitution, we certify the following question as one of great public importance:
WHERE A PLAINTIFF IN A TORT ACTION BASED UPON CHILD ABUSE ALLEGES THAT SHE SUFFERED FROM TRAUMATIC AMNESIA CAUSED BY THE ABUSE, DOES FULTON COUNTY ADMIN. V. SULLIVAN, 22 FLA. L. WEEKLY S578 [___ So.2d ___] (FLA.1997), PRECLUDE JUDICIAL RECOGNITION OF AN EXCEPTION TO OR A TOLLING OF THE STATUTE OF LIMITATIONS BASED UPON THE DOCTRINE OF DELAYED DISCOVERY RECOGNIZED IN CHAPTER 92-102, LAWS OF FLORIDA?
AFFIRMED; question certified.
MINER and WOLF, JJ., concur.
NOTES
[1] Because the amendment was not brought to the attention of the trial court, it correctly ruled that it was obligated to follow Lindabury in the absence of conflicting case authority or statute, since this court had not yet decided the issue. See Pimm v. Pimm, 568 So.2d 1299 (Fla. 2d DCA 1990).
[2] Cases wherein the courts did not apply the rule include Lemmerman v. Fealk, 449 Mich. 56, 534 N.W.2d 695 (1995); O'Neal v. Division of Family Services, 821 P.2d 1139 (Utah 1991); Burpee v. Burpee, 152 Misc.2d 466, 578 N.Y.S.2d 359 (N.Y.Supp.1991), aff'd, 950 F.2d 721 (3d Cir. 1991); Baily v. Lewis, 763 F.Supp. 802 (E.D.Pa. 1991); Whatcott v. Whatcott, 790 P.2d 578 (Utah App.1990).
[3] Because the instant case addresses only the propriety of the trial court's dismissal of the cause of action as a matter of law, we do not have before us the question of the admissibility of any novel or scientific evidence necessary for Hearndon to prove that repression precluded her from bringing suit within the limitations period. See Glendening v. State, 536 So.2d 212 (Fla. 1988); Stokes v. State, 548 So.2d 188 (Fla.1989); Flanagan v. State, 625 So.2d 827, 828 (Fla.1993); Ramirez v. State, 651 So.2d 1164 (Fla.1995); Hadden v. State, 690 So.2d 573 (Fla.1997); Berry v. CSX Transp., Inc., 704 So.2d 633 (Fla. 1st DCA 1997).
[4] In Sullivan, the court concluded, citing St. Francis Hosp. v. Thompson, 159 Fla. 453, 31 So.2d 710 (1947) that, in effect, the last element for purposes of accrual for a wrongful death action is death. In the instant case, for purposes of negligence the last element was injury or damage to Hearndon, see Cristiani v. City of Sarasota, 65 So.2d 878, 879 (Fla.1953), which occurred when the abuse occurred, despite the fact that Hearndon may have repressed any memory of her injuries.