739 So.2d 610 (1999)
Frank L. MORSANI, individually, and for the Use and Benefit of Tampa Bay Baseball Group, Inc., and Tampa Bay Baseball Group, Inc., individually, a Florida corporation, Appellants,
v.
MAJOR LEAGUE BASEBALL; Bowie Kuhn; Peter V. Ueberroth; Edwin M. Durso; Francis T. Vincent, Jr.; National League of Professional Baseball Clubs; Charles S. Feeney; William D. White; American League of Professional Baseball Clubs; Leland S. MacPhail, Jr.; Robert W. Brown, M.D.; National Association of Professional Baseball Leagues, Inc., a Florida Corporation; Atlanta National League Baseball Club, Inc., d/b/a Atlanta Braves; Chicago National League Ball Club, Inc., d/b/a Chicago Cubs; The Cincinnati Reds, d/b/a Cincinnati Reds; Florida Marlins, Inc., a Florida Corporation, d/b/a Florida Marlins; Harry Wayne Huizenga; Blockbuster Entertainment Corp.; Houston Sports Association, Inc., d/b/a Houston Astros; Los Angeles Dodgers, Inc., d/b/a Los Angeles Dodgers; Peter O'Malley; Montreal Baseball Club, Ltd., d/b/a Montreal Expos; Sterling Doubleday Enterprises, L.P., d/b/a New York Mets; Fred Wilpon; The Phillies, d/b/a Philadelphia Phillies; Bill Giles; Pittsburgh Associates, d/b/a Pittsburgh Pirates; Douglas D. Danforth; Carl F. Barger; St. Louis Baseball Club, Inc., d/b/a St. Louis Cardinals; Fred L. Kuhlmann; San Diego National League Baseball Club, Inc., d/b/a San Diego Padres; Lurie Sports, Inc., d/b/a San Francisco Giants; The Orioles, Inc., d/b/a Baltimore Orioles; Boston Red Sox Baseball Club, d/b/a Boston Red Sox; Haywood Sullivan; Golden West Baseball Company, d/b/a California Angels; Chicago White Sox; Jerry M. Reinsdorf; Cleveland Indians Baseball Co., d/b/a Cleveland Indians; Detroit Baseball Club, Inc., d/b/a Detroit Tigers; Kansas City Royals Baseball Corp., d/b/a Kansas City Royals; Milwaukee Brewers Baseball Club, d/b/a Milwaukee Brewers; Allan H. Selig; Minnesota Twins Partnership, d/b/a Minnesota Twins; MTI Acquiring Co.; Carl Pohlad; Minnesota Twins, Inc., d/b/a Minnesota Twins Baseball Club and/or Minnesota Twins; Calvin R. Griffith; Thelma Griffith Haynes; Peter Dorsey; Peter Dorsey, P.A.; New York Yankees, Inc., d/b/a New York Yankees; George M. Steinbrenner; Oakland Athletics Baseball Company, d/b/a Oakland Athletics; The Baseball Club of Seattle, Inc., d/b/a Seattle Mariners; Texas Rangers, Ltd., d/b/a Texas Rangers; Eddie Chiles; Edward Gaylord; and Toronto Blue Jays Baseball Club, d/b/a Toronto Blue Jays, Appellees.
No. 98-01327.
District Court of Appeal of Florida, Second District.
March 31, 1999.
Rehearing Denied June 3, 1999.
*611 Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, and Cunningham Clark & Greiwe, P.A., Tampa, for Appellants.
John W. Foster, Sr., of Baker & Hostetler, LLP, Orlando, for Appellee.
PER CURIAM.
Frank L. Morsani, individually, and for the use and benefit of Tampa Bay Baseball Group, Inc., and Tampa Bay Baseball Group, Inc., individually (the plaintiffs), appeal the trial court's order granting partial summary judgment in favor of numerous individuals and corporations involved in Major League Baseball (the defendants). We agree that the trial court incorrectly held that equitable estoppel is not a viable defense against the statute of limitations. Because we find that a genuine issue of material fact exists regarding the claim at issue, we reverse.
*612 This is the second time this case has been before this court. In Morsani v. Major League Baseball, 663 So.2d 653, 657 (Fla. 2d DCA 1995) (Morsani I), this court reversed the trial court's order dismissing the plaintiffs' complaint for failure to state a cause of action. The complaint alleged that the defendants had tortiously interfered with various contractual rights and advantageous business relationships which the plaintiffs had developed over the years in their efforts to acquire ownership of a major league baseball team in Tampa, Florida. See id. at 655-56. The complaint also alleged that the defendants had violated Florida's anti-trust laws by conspiring together to prevent the plaintiffs from succeeding in that endeavor. See id. The facts as alleged in the plaintiffs' complaint are fully set out in Morsani I.
The present appeal involves Count I of the plaintiff's complaint, which alleges tortious interference in the acquisition of the Minnesota Twins. The plaintiffs allege that, in 1984, the owners of a majority of the stock of Minnesota Twins, Inc. agreed to sell their controlling interest to the plaintiffs on condition that the plaintiffs first purchase the minority interest from a different party. The plaintiffs subsequently purchased the minority interest for $11,500,000. Thereafter, the majority owners sold their interest to another buyer, and the defendants demanded that the plaintiffs assign the minority interest to the new majority owner for $225,000. At that time, the minority interest in the Minnesota Twins was worth $25,000,000.
The plaintiffs further allege that they agreed to the assignment because the defendants promised that the plaintiffs would be an "absolute front runner" and "at the top of the list" to obtain a majority ownership interest in a baseball franchise in time to begin the 1993 baseball season. The defendants also told the plaintiffs that if they failed to assign the minority interest, the plaintiffs would never own an interest in a major league baseball team. It is undisputed that the plaintiffs never obtained an ownership interest in any major league baseball team, even though Major League Baseball granted other new baseball franchises.
After two more failed attempts to purchase baseball franchises, the plaintiffs filed a complaint, alleging interference with advantageous contractual and business relationships and violation of antitrust laws. The defendants moved for summary judgment, claiming that the statute of limitations had run as to Count I. At the hearing on the motion, the plaintiffs conceded that the statute of limitations had run, but argued that the defendants were equitably estopped from raising the statute of limitations because the defendants had induced the plaintiffs to forbear suit on the Minnesota Twins transaction.
The trial court granted summary judgment as to Count I as a matter of law. The trial court found that section 95.051, Florida Statutes (1993),[1] which enumerates *613 the eight specific circumstances that toll the statute of limitations, constitutes a legislatively mandated exclusive catalogue of grounds that can avoid the application of the statute of limitations, as the statute was authoritatively construed by the supreme court in Fulton County Administrator v. Sullivan, 22 Fla. L. Weekly S578, ___ So.2d ___, 1997 WL 589312 (Fla. Sept. 25, 1997). Because equitable estoppel was not included among the permissible grounds for avoiding the effect of the statute of limitations set out in section 95.051, the trial court held that the plaintiffs' claims were barred by the statute of limitations.
There are two issues involved in this case. The first issue is whether, under the doctrine of equitable estoppel, the plaintiffs can file an action against the defendants after the statute of limitations has run on their claim. The second issue is whether there is a disputed issue of material fact regarding the plaintiffs' claim of equitable estoppel. We find that the doctrine of equitable estoppel survives Sullivan and conclude that the trial court erred in dismissing the plaintiffs' action in the instant case. We also conclude that there is a disputed issue of material fact.
In this case, the plaintiffs had a four-year limitation under section 95.11(3)(o), Florida Statutes (1993), to file their claim of tortious interference with contractual rights and advantageous business relationships. It is undisputed that the plaintiffs filed the complaint outside of the statute of limitations period. The plaintiffs do not contend that the statute of limitations is tolled. Instead, the plaintiffs claim that the defendants are estopped to assert the bar of the expired statute.
The defendants argue that Sullivan eliminates the doctrine of equitable estoppel as a defense to the statute of limitations. In Sullivan, the district court of appeal held that section 95.051 precludes the tolling of the statute of limitations due to fraudulent concealment. See 22 Fla. L. Weekly at S579, ___ So.2d at ___. The action arose when James Sullivan admitted to the murder of his wife after the statute of limitations had run on a wrongful death claim. See id. at S578, ___ So.2d at ___. Subsequently, the estate of the wife filed a wrongful death action against Sullivan. See id. Faced with an affirmative defense of a statute of limitations bar to the claim, the estate asserted that Sullivan's fraudulent concealment of his participation in the murder tolled the statutory limitation period. See id. Sullivan argued that section 95.051, Florida Statutes (1985), which enumerated several events that would toll the statute of limitations, precluded fraudulent concealment as a defense because fraudulent concealment was absent from the list. See id. at S579, ___ So.2d at ___.
The supreme court agreed and reasoned that the legislative intent of section 95.051 sought to exclude all tolling exceptions except those listed in the statute. See id. Furthermore, the court reasoned, the statute specifically precluded the use of any tolling provision not listed. See id. However, the court did conclude that the statute *614 was unjustly narrow and urged the legislature to consider an amendment to the statute to avoid such an unfair result. See id.
In the instant case, the trial court found that Sullivan stands for the proposition that any defenses to the statute of limitations outside those listed in section 95.051 are not cognizable. We find that the trial court's interpretation of Sullivan is misplaced. Because the concepts of tolling and estoppel are distinct and separate as defenses to the statute of limitations, Sullivan is distinguishable because it only applies to limit defenses that toll the statute of limitations.
The doctrine of equitable estoppel has been recognized and applied in numerous contexts by the supreme court since the inception of statehood. See, e.g., Branca v. City of Miramar, 634 So.2d 604 (Fla.1994); Noble v. Yorke, 490 So.2d 29 (Fla.1986); Miami Gardens, Inc. v. Conway, 102 So.2d 622 (Fla.1958); State ex rel. Watson v. Gray, 48 So.2d 84 (Fla.1950); Steen v. Scott, 144 Fla. 702, 198 So. 489 (1940); New York Life Ins. Co. v. Oates, 141 Fla. 164, 192 So. 637 (1939); Coogler v. Rogers, 25 Fla. 853, 7 So. 391 (1889); Collins v. Mitchell, 5 Fla. 364 (1853); Camp v. Moseley, 2 Fla. 171 (1848). The doctrine has also been recognized as a valid defense to a limitations-period defense. See Rabinowitz v. Town of Bay Harbor Islands, 178 So.2d 9 (Fla.1965); Hood v. Hood, 392 So.2d 924 (Fla. 2d DCA 1980); Glantzis v. State Auto. Mut. Ins. Co., 573 So.2d 1049 (Fla. 4th DCA 1991); Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979).
The federal courts have recognized the difference between a tolling defense and an equitable estoppel defense. In Bomba v. W.L. Belvidere, Inc., 579 F.2d 1067, 1070 (7th Cir.1978), the court held that a statute of limitations which permitted no tolling could nevertheless be avoided by an equitable estoppel defense. The court reasoned:
Tolling, strictly speaking, is concerned with the point at which the limitations period begins to run and with the circumstances in which the running of the limitations period may be suspended ... Equitable estoppel, however, is a different matter. It is not concerned with the running and suspension of the limitations period, but rather comes into play only after the limitations period has run and addresses itself to the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period. Its application is wholly independent of the limitations period itself and takes its life, not from the language of the statute, but from the equitable principle that no man will be permitted to profit from his own wrongdoing in a court of justice. Thus, because equitable estoppel operates directly on the defendant without abrogating the running of the limitations period as provided by statute, it might apply no matter how unequivocally the applicable limitations period is expressed.
Id. See also Glus v. Brooklyn E. Dist. Terminal, 359 U.S. 231, 233-34, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959) (explaining that estoppel is so central to our jurisprudence that it is implied unless there is express language to the contrary). Several courts have noted the difference between the two concepts in exactly the same way. See, e.g., Cange v. Stotler & Co., 913 F.2d 1204, 1209 (7th Cir.1990); Cook v. Deltona Corp., 753 F.2d 1552, 1562-63 (11th Cir. 1985); Darms v. McCulloch Oil Corp., 720 F.2d 490, 494 (8th Cir.1983); Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1043, n. 7 (10th Cir.1980); Barton v. Peterson, 733 F.Supp. 1482, 1490-91 (N.D.Ga. 1990).
The Fifth District Court of Appeal has expressly addressed the distinction as it applies to section 95.051. See City of Brooksville v. Hernando County, 424 *615 So.2d 846, 848 (Fla. 5th DCA 1982). That court concluded that the two concepts are different and that section 95.051 has no bearing on the defense of equitable estoppel:
While continuing negotiations regarding settlement do not "toll" the running of a statute of limitations, such negotiations, if infected with an element of deception, may create an estoppel.... This is true even subsequent to the 1975[sic] enactment of subsection (2) of section 95.051, which states that "no disability or other reason shall toll the running of any statute of limitations except those specified in this section...."
Id. (citation omitted). Additionally, all of the Fifth District's sister courts have continued to recognize equitable estoppel as a defense to the statute of limitations without regard to section 95.051. See Cape Cave Corp. v. Lowe, 411 So.2d 887 (Fla. 2d DCA 1982); Baptist Hosp. of Miami, Inc. v. Carter, 658 So.2d 560 (Fla. 3d DCA 1995); Alachua County v. Cheshire, 603 So.2d 1334 (Fla. 1st DCA 1992); Jaszay v. H.B. Corp., 598 So.2d 112 (Fla. 4th DCA 1992).
Because the doctrines of tolling and equitable estoppel have been distinguished in our jurisprudence, Sullivan can be limited to defenses which toll the statute of limitations. This reading of Sullivan is consistent with the fact that the Sullivan court did not address the continued validity of equitable estoppel. While it seems clear from the strong language of Sullivan[2] that the court sought to limit the defenses to the statute of limitations, it is not clear that the court anticipated the extinction of the long-standing defense of equitable estoppel. Furthermore, a broad construction of Sullivan will also eliminate the well-established defense of waiver, which clearly does not toll the statute of limitations. The availability of waiver as a defense to the statute of limitations, like equitable estoppel, has long been recognized in Florida. See, e.g., Kissimmee Util. Auth. v. Better Plastics, Inc., 526 So.2d 46 (Fla.1988); Aboandandolo v. Vonella, 88 So.2d 282 (Fla.1956); Akin v. City of Miami, 65 So.2d 54 (Fla.1953).
We must acknowledge that a strict reading of Sullivan, as applied by the trial court, would require affirmance. In the instant case, the trial court noted: "There is no legally significant distinction between fraudulent concealment, which the Supreme Court rejected as a basis for avoiding the statute of limitations in Sullivan, and equitable estoppel, on which plaintiffs rely here." It is true that the doctrine of fraudulent concealment has been considered a species of equitable estoppel. See Russell v. Municipality of Anchorage, 743 P.2d 372, 375 n. 9 (Alaska 1987) (plaintiff's fraudulent concealment argument is essentially one of equitable estoppel); Beeck v. Aquaslide `N' Dive Corp., 350 N.W.2d 149, 158 (Iowa 1984) (fraudulent concealment is an estoppel defense). Because Sullivan has rejected fraudulent concealment as a viable defense to the statute of limitations, the question is whether the supreme court has intended to reject all equitable estoppel defenses to the statute of limitations.
The First District Court of Appeal dealt with a similar issue in Hearndon v. Graham, 710 So.2d 87 (Fla. 1st DCA 1998). In Hearndon, the court held that the defense of delayed discovery was precluded by section 95.051. See id. at 92. That court recognized that the defense of delayed discovery may be distinguishable from the defenses limited in Sullivan because it delays the accrual of the cause of action and does not serve to toll the statute of limitations. See id. at 90. However, the court affirmed the summary judgment in that case because it *616 had determined that the concepts of "tolling" and "accrual" had become blurred and because Sullivan was so strongly worded. See id. at 90-92. Hearndon also certified the following question of great public importance:
WHERE A PLAINTIFF IN A TORT ACTION BASED UPON CHILD ABUSE ALLEGES THAT SHE SUFFERED FROM TRAUMATIC AMNESIA CAUSED BY THE ABUSE, DOES FULTON COUNTY ADMIN. V. SULLIVAN, 22 FLA. L. WEEKLY S578 [___ So.2d ___] (FLA.1997), PRECLUDE JUDICIAL RECOGNITION OF AN EXCEPTION TO OR A TOLLING OF THE STATUTE OF LIMITATIONS BASED UPON THE DOCTRINE OF DELAYED DISCOVERY RECOGNIZED IN CHAPTER 92-102, LAWS OF FLORIDA?
Id. at 92.
Although it can be argued that a strict reading of Sullivan requires an affirmance in this case, we conclude that the supreme court did not intend Sullivan to be so narrowly construed as to eliminate the doctrines of equitable estoppel and waiver. Accordingly, we find that Sullivan can be distinguished as applying only to those defenses that toll the statute of limitations. However, because of the interpretation Hearndon has placed upon the holding in Sullivan, we certify the following question to the supreme court as a matter of great public importance:
DOES SECTION 95.051, FLORIDA STATUTES (1993), PROHIBIT THE APPLICATION OF THE DOCTRINE OF EQUITABLE ESTOPPEL TO AN ACTION FILED OUTSIDE OF THE APPLICABLE STATUTE OF LIMITATIONS?
The defendants argue that even if equitable estoppel survives Sullivan, this court should affirm because a genuine issue of material fact does not exist regarding the plaintiffs' claim of equitable estoppel. The defendants claim that the existence of written denials of any promises to the plaintiffs negates the plaintiffs' allegations that the defendants made oral representations of such. However, the mere existence of the plaintiffs deposition testimony regarding the representations creates an issue of material fact. See Harrison v. American Fire & Cas. Co., 163 So.2d 324, 327 (Fla. 2d DCA 1964); Humphrys v. Jarrell, 104 So.2d 404, 407 (Fla. 2d DCA 1958). Accordingly, we find that there exists a genuine issue of material fact, and reverse and remand for further proceedings on Count I of the plaintiffs' complaint.
Reversed and remanded.
PARKER, C.J., and BLUE and NORTHCUTT, JJ., Concur.
NOTES
[1] That statute, which has remained unchanged since 1975, states:

95.051 When limitations tolled.
(1) The running of the time under any statute of limitations except §§ 95.281, 95.35, and 95.36 is tolled by:
(a) Absence from the state of the person to be sued.
(b) Use by the person to be sued of a false name that is unknown to the person entitled to sue so that process cannot be served on the person to be sued.
(c) Concealment in the state of the person to be sued so that process cannot be served on him or her.
(d) The adjudicated incapacity, before the cause of action accrued, of the person entitled to sue. In any event, the action must be begun within 7 years after the act, event, or occurrence giving rise to the cause of action.
(e) Voluntary payments by the alleged father of the child in paternity actions during the time of the payments.
(f) The payment of any part of the principal or interest of any obligation or liability founded on a written instrument.
(g) The pendency of any arbitral proceeding pertaining to a dispute that is the subject of the action.
(h) The minority or previously adjudicated incapacity of the person entitled to sue during any period of time in which a parent, guardian, or guardian ad litem does not exist, has an interest adverse to the minor or incapacitated person, or is adjudicated to be incapacitated to sue; except with respect to the statute of limitations for a claim for medical malpractice as provided in § 95.11. In any event, the action must be begun within 7 years after the act, event, or occurrence giving rise to the cause of action.
Paragraphs (a)-(c) shall not apply if service of process or service of publication can be made in a manner sufficient to confer jurisdiction to grant the relief sought. This section shall not be construed to limit the ability of any person to initiate an action within 30 days of the lifting of an automatic stay issued in a bankruptcy action as is provided in 11 U.S.C. § 108(c).
(2) No disability or other reason shall toll the running of any statute of limitations except those specified in this section, § 95.091, the Florida Probate Code, or the Florida Guardianship Law.
[2] "The statute specifically precludes application of any tolling provision not specifically provided for by the legislature. In the face of such clear legislative direction, we are compelled to hold that fraudulent concealment of the identity of a tortfeasor ... will not toll the statute of limitations." Sullivan, 22 Fla. L. Weekly at S579, ___ So.2d at ___ (citations omitted).